Thophaus ELLERBE, Appellant,

v.

OTIS ELEVATOR COMPANY, Appellee.

No. 17939.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 11, 1981.

Rehearing Denied July 23, 1981.

Talbert, Giessel & Stone, Alice Giessel and Jim Barker, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

COLEMAN, Chief Justice.

This is a suit for wrongful death and survival damages arising from the death of plaintiff's son, Kenneth Allen Ellerbe, on October 19, 1973, in Harris County, Texas. The suit is based on the alleged defective design of the Otis elevator which had been designed, manufactured, and sold by the defendant. The trial court granted a motion for summary judgment which relied solely on Article 5536a, Texas Revised Civil Statutes Annotated (Vernon Supp.1980). This statute prohibits the filing of any suit for damages arising out of the defective or unsafe condition of real property or any equipment or improvement attached to such real property ten years after the substantial completion of the improvement "against any registered or licensed engineer or architect in this state performing or furnishing the design, planning, inspection of construction of any such improvement, equipment or structure or against any such person so performing or furnishing such design, planning, inspection of construction of any such improvement, equipment, or structure." Tex.Rev.Civ.Stat.Ann. art. 5536a, § 1 (Vernon Supp.1980). The statute further provides that:

> There shall be commenced and prosecuted within ten years after the substantial completion of any improvement to real property, and not afterward, all actions or suits in court for damages . . . for wrongful death . . . arising out of the defective or unsafe condition of any such real property or any deficiency in the construction or repair of any improvements on such real property against any person performing or furnishing construction or repair of any such improvement; provided . . . this section shall not apply and will not operate as a bar to an action or suit in court . . . (b) against persons in actual possession or control of the real property as owner, tenant, or

Helm, Pletcher & Hogan, Stephen W. Hanks, Houston, for appellant.

otherwise at the time ... the death occurs; ....

Id. § 2.

The plaintiff has raised two points of error: (1) the trial court erred in granting a summary judgment in favor of defendant because a fact issue exists as to whether the defendant retained control over the elevator as provided by section 2 of Article 5536a; (2) the trial court erred in granting a summary judgment on behalf of the defendant because said Article 5536a violates provisions of the Texas and United States Constitutions.

Summary judgment evidence establishes that Kenneth Ellerbe died when he fell down an open elevator shaft in the Gulf Building in Houston, Texas. Plaintiff alleged that the accident was caused by the defective design of the Otis elevator because it could be moved without a key from floor to floor, leaving the doors to the elevator shaft open on each floor. There was summary judgment evidence that the elevator was designed by registered engineers and architects employed by Otis Elevator Company. There was also evidence that the elevator was installed in the Gulf Building in 1928.

The first question to be determined is whether the elevator company is entitled to the protection of the statute. Section 1 affords protection to "any registered or licensed engineer or architect in this state" performing or furnishing the design, planning or inspection of construction of equipment or improvements attached to real property. It also protects "any such person" under the same circumstances.

When we consider the entire Act it appears that only registered or licensed engineers or architects are protected under section 1. Article 5536a was first enacted by the 61st Legislature in 1969. Tex.Laws 1969, ch. 418, § 1, at 1379. The title of that Act refers to any registered or licensed engineer or architect, and the emergency clause refers to registered or licensed engineers or architects only. While some meaning must be given to the words "any such person," we consider that it broadens the protection by affording it to engineers or architects licensed or registered in states other than Texas. Our conclusion is reinforced by the fact that a proviso attached to section 1 of the Act extends the ten-year period within which the cause of action must be initiated in cases where a claim for damages, contribution or indemnities is presented in writing "to the registered or licensed engineer or architect performing such services."

Article 5536a, was amended by adding section 2 extending the protection of the Act to "any person" performing or furnishing construction or repair of any improvements on real property. Tex.Laws 1975, ch. 269, § 1, at 649. An elevator in a multi-storied building obviously constitutes an improvement on real property. The manufacture of the elevator would be a person performing or furnishing construction of the elevator even though it did not install it in the building.

The appellant contends that since the Otis Elevator Company offered repair services for elevators which it manufactured, maintained an office in connection therewith in the City of Houston, and also kept a record in its office concerning this particular elevator, it comes within the provision:

[T]his section shall not apply and will not operate as a bar to an action or suit in court ... (b) against persons in actual possession or control of the real property as owner, tenant, or otherwise at the time ... the death occurs; ....

Art. 5536a, § 2.

The evidence fails to raise a question of fact as to whether the elevator company is in "actual possession or control of the real property." There is no evidence that the elevator was being repaired at the time of the accident. Section 2 of Article 5536a is a sufficient basis for the summary judgment in favor of the Otis Elevator Company.

Ellerbe contends that Article 5536a violates certain provisions of the Texas and of the United States Constitutions. He cites sections 3, 13, 17, and 19 of Article 1 of the Texas Constitution and the Fourteenth Amendment to United States Constitution.

■ Section 13 of Article 1 provides, in part, that all courts shall be open to every person for an injury done him, in lands, goods, or personal reputation, and that they shall have remedy by due course of law. Tex.Const. art. 1, § 13. This Section of the Constitution does not create any new right, but is a declaration of a general fundamental principle that for such wrongs as are recognized by the law of the land, the courts shall be open and afford a remedy. *In the Interest of D___M___N___, a child*, 570 S.W.2d 493, 498 (Tex.Civ.App.—Texarkana 1978, no writ). This section has been held to prohibit legislative bodies from arbitrarily withdrawing all legal remedies from one having a cause of action well established and well defined in the common law. *Lebohm v. City of Galveston*, 154 Tex. 192, 275 S.W.2d 951 (1955).

■ Since this is a suit for wrongful death based upon negligence, plaintiff asserts, the legislature may not arbitrarily withdraw all legal remedies. However, it is settled that a right, to be within the protection of the Constitution, must be a vested right or something more than a mere expectancy based upon an anticipated continuance of an existing law. *City of Dallas v. Trammel*, 129 Tex. 150, 101 S.W.2d 1009 (1937). Neither the Constitution of the United States nor of this State forbids the abolition of common law rights of action in order to attain a permissible legislative object. *Silver v. Silver*, 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929); *Aetna Insurance Company v. Richardelle*, 528 S.W.2d 280 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

Article 5536a was enacted long prior to the date of the accident giving rise to this suit. Its enactment did not violate a vested right of the plaintiff. Due process of law was not denied the plaintiff by the application of Article 5536a to his cause of action based on negligence.

■ The Eastland Court of Civil Appeals has rejected the contention that Article 5536a is unconstitutional as violative of due process and equal protection rights. *Hill v. Forrest & Cotton, Inc.*, 555 S.W.2d 145 (Tex. Civ.App.—Eastland 1977, writ ref'd n.r.e.).

There is conflict in out-of-state authority concerning the constitutionality of similar statutes. See Annot., 93 A.L.R.3rd 1242 (1979). Article 1, § 3 of the Texas Constitution guarantees to all persons equality of rights. This provision was designed to prevent any person or class of persons from being singled out as a special subject for discriminating or hostile legislation. The legislature may adopt any classification it sees fit provided there is a reasonable basis therefor. Classifications must be based on a real and substantial difference, relating to the subject of the particular enactment. If there is a reasonable ground for the classification and the law operates equally on all within the same class, it will be held valid. *Friedman v. American Surety Co. of New York*, 137 Tex. 149, 151 S.W.2d 570 (1941); *Burroughs v. Lyles*, 142 Tex. 704, 181 S.W.2d 570 (1944). In passing upon the constitutionality of a classification, the test to be applied by courts is whether the classification is essentially arbitrary, unreasonable, and not based upon reality. *American Transfer & Storage Co. v. Bullock*, 525 S.W.2d 918 (Tex.Civ.App.—Austin, 1975, writ ref'd).

The Texas Statute applies to architects, engineers, and "any person" performing or furnishing construction or repair of any improvement to real property. It excludes from its protection persons in possession or control of real property, such as owners, lessors, and tenants. We do not determine whether materialmen come within the statutory language. Even though they may be excluded, we find the Statute constitutional since such exclusion would be founded on a valid distinction. The distinctions have been discussed in various decisions of courts of other states, some finding them valid, and others reaching an opposite conclusion. We are in general agreement with the reasoning of the Louisiana Supreme Court in *Burmaster v. Gravity Drainage Dist. No. 2*, 366 So.2d 1381 (La.1978). Other cases which we have found persuasive are *Carter v. Hartenstein*, 248 Ark. 1172, 455 S.W.2d 918 (1970), *Freezer Storage Inc. v. Armstrong Cork Company*, 476 Pa. 270, 382 A.2d 715 (1978); *Howell v. Burk*, 90 N.M. 688,

568 P.2d 214 (1977) and *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 293 A.2d 662 (1972).

The judgment is affirmed.