Wilbert REDDIX, Appellant,

v.

The EATON CORPORATION, et al., Appellees.

No. 04–82–00428–CV.

Court of Appeals of Texas, San Antonio.

Nov. 16, 1983.

Rehearing Denied Dec. 6, 1983.

Clem Lyons, Steve Dittlinger, Southers & Lyons, San Antonio, for appellant.

W.R. Simcock, Cox & Smith, Jerry A. Gibson, San Antonio, Michael A. Wash, Austin, for appellees.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This appeal arises from a summary judgment granted appellees in a products liability action for personal injuries sustained when appellant was injured in an out-door elevator. Appellees filed motions for summary judgment contending that appellant's cause of action was barred by TEX.REV. CIV.STAT.ANN. art. 5536a (Vernon Supp. 1982–1983). Appellant filed a written response contending that the summary judgment evidence does not establish as a matter of law that article 5536a is applicable in the present lawsuit and that there are genuine issues of material fact precluding the granting of summary judgment. The trial court granted summary judgment, appellant appealed.

Wilbert Reddix was injured when an out-door elevator in which he was riding fell thirty feet to the ground. Mr. Reddix was the weekend gardener for Mr. and Mrs. Nutten. The out-door elevator was constructed in 1963 by the Smith Brothers Welding Company for Mr. and Mrs. Nutten.[1] The out-door elevator was used to carry Mr. Nutten from the top of a steep cliff down to the lake level. This out-door elevator consisted of an electric hoist, a

---

1. Mr. Nutten died prior to the injury of Wilbert Reddix.

pre-fabricated steel cage, a supporting structure and a lifting mechanism which was a steel load chain. The lifting mechanism of the out-door elevator was an electric hoist manufactured in 1962 by a corporate predecessor of appellee Eaton. The hoist mechanism is called the "Yale Load King Electric Hoist," it is a component part of the out-door elevator installed on the Nutten property. At the time the hoist mechanism was manufactured, Eaton did not manufacture the chains used in the hoist mechanism. Appellees Campbell Chain Company and Campbell Chain Division (hereinafter referred to as Campbell Chain) and Columbus-McKennon Corporation (hereinafter referred to as CMC) supplied "link-chain" to Eaton according to its specifications and requirements. Eaton sold its electric hoist mechanisms fully assembled, complete with "link chain," to distributors who in turn sold the product to customers. Eaton also supplied replacement "link chains" for its electric hoist mechanism.

Mr. and Mrs. Reddix initially filed suit against Mrs. Nutten, alleging several omissions of negligence relating to the inspection and maintenance of the out-door elevator.[2] They then brought suit against Eaton alleging design and manufacturing defects, marketing defects and breach of express representations that the "link chain" was reasonably fit. In the alternative they alleged that the "link chain" was manufactured by Campbell Chain or by CMC, basing liability on the same products liability theory.

Eaton has admitted that it manufactured the "Yale Load King Electric Hoist," which was a component part of the out-door elevator. Eaton denies having manufactured the "link chain" component part of the electric hoist mechanism, but admits that it supplied the electric hoist mechanism fully assembled. Both Campbell Chain and CMC deny that they manufactured the "link chain" component part of the electric hoist

mechanism, and both sought full indemnity or contribution from Eaton in the event of a finding of liability on their part. All appellees filed motions for summary judgment based on article 5536a, *supra*. The trial court granted summary judgment in their favor and ordered dismissed all cross-actions and other claims against one another.

Appellant advances three points of error contending trial court error as follows: (1) granting summary judgment based on article 5536a § 1, since appellee did not establish as a matter of law that the electric hoist and link chain were designed or constructed by registered or licensed engineers or architects; (2) granting summary judgment based on article 5536a because the act violates article III, § 35 of the Texas Constitution as its title is deceptive and the act contains more than one subject which is not fairly expressed in the title; and (3) granting summary judgment based on article 5536a because the act does not apply to product manufacturers as a matter of law. We will address each point of error individually.

■■■ Under TEX.R.CIV.P. 166–A, the movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). Section 1 of article 5536a involves actions "against any registered or licensed engineer or architect." TEX.REV.CIV.STAT.ANN. art. 5536a (Vernon Supp.1982–1983). In the instant case there is no summary judgment evidence that the electric hoist and link chain were designed by a registered architect or engineer; therefore, summary judgment could not be based as a matter of law on section 1 of article 5536a, *supra*. We sustain appellant's point of error number one.[3]

---

2. Mrs. Nutten has been dismissed from this suit.

3. Appellee Eaton argued that the summary judgment was based on art. 5536a, § 2, *supra;* the order of the trial court granting summary judgment, however, does not reflect any statu-

Appellant's point of error number two attacks the constitutionality of article 5536a, *supra.* Appellees contend that appellant has waived his right on appeal to contend that article 5536a, *supra,* is unconstitutional. We agree.

Under TEX.R.CIV.P. 166–A, the non-movant must, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assign them as error on appeal. *City of Houston v. Clear Creek Basin Authority, supra* at 678–79. Appellant admits that the constitutionality question was not raised at trial but relies on *Smith v. Decker,* 158 Tex. 416, 312 S.W.2d 632 (1958), for the rule that a statute may be declared unconstitutional when its unconstitutionality is obvious and apparent, regardless of when or how the question is raised. The *Smith* case is distinguishable from the case at bar. The *Smith* case involved a direct appeal under TEX.R. CIV.P. 499a providing for direct appeal to the Texas Supreme Court on the grounds that a state statute is unconstitutional in cases granting or denying an injunction. The case at bar does not involve such a direct appeal. The *Smith* case is also distinguishable because it was decided prior to the 1978 amendment of TEX.R.CIV.P. 166–A(c) which added in part the following: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." *See City of Houston v. Clear Creek Basin Authority, supra* at 676–78. Further, this issue is controlled by this court's decision in *Mobile America*

*Sales Corp. v. Rivers,* 556 S.W.2d 378, 382–83 (Tex.Civ.App.—San Antonio 1977, writ dism'd), in which this court held that the unconstitutionality of a statute is an affirmative defense which must be pled. *See also State v. Scott,* 460 S.W.2d 103, 107 (Tex.1970), *cert. denied,* 402 U.S. 1012, 91 S.Ct. 2188, 29 L.Ed.2d 435 (1971). Point of error number two is overruled.[4]

Appellant contends in his third point of error that article 5536a, *supra,* does not apply to product manufacturers as a matter of law. Since we have held that the trial court's summary judgment cannot be based on section 1 of article 5536a, *supra,* the next determination is whether it may be based on section 2 of article 5536a, *supra.*

Section 2 of article 5536a, *supra,* provides in pertinent part:

Sec. 2. There shall be commenced and prosecuted within ten years after the substantial completion of any improvement to real property, and not afterward, all actions or suits in court for damages for any injury, damages, or loss to property, real or personal, or for any injury to a person, or for wrongful death, or for contribution or indemnity for damages sustained on account of such injury, damage, loss or death arising out of the defective or unsafe condition of any such real property or any deficiency in the construction or repair of any improvements on such real property *against any person performing or furnishing construction or repair of any such improvement; . . .*

In *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d 870 (Tex.Civ.App.—Houston [1st Dist.]

---

tory basis for its holding. Appellee CMC concedes that the summary judgment proof does not satisfy the provisions of § 1 of art. 5536a, *supra.*

4. Although we do not address the issue of whether article 5536a, *supra,* is unconstitutional, we do, however, note a growing trend in other states to hold similar statutes unconstitutional. *See Bagby Elevator & Electric Co., Inc. v. McBride,* 292 Ala. 191, 291 So.2d 306, 312 (1974); *Overland Construction Co., Inc. v. Sirmons,* 369 So.2d 572, 575 (Fla.1979); *Fujioka v. Kam,* 55 Haw. 7, 514 P.2d 568, 572 (1973); *Skinner v. Anderson,* 38 Ill.2d 455, 231 N.E.2d

588, 590 (1967); *Saylor v. Hall,* 497 S.W.2d 218, 225 (Ky.1973); *Pacific Indemnity Co. v. Thompson-Yaeger, Inc.,* 260 N.W.2d 548, 555 (Minn.1977); *Henderson Clay Products, Inc. v. Edgar Wood & Associates, Inc.,* 122 N.H. 800, 451 A.2d 174, 175 (1982); *Loyal Order of Moose, Lodge 1785 v. Cavaness,* 563 P.2d 143, 147–48 (Okl.1977); *Broome v. Truluck,* 270 S.C. 227, 241 S.E.2d 739, 740–41 (1978); *Kallas Millwork Corp. v. Square D. Co.,* 66 Wis.2d 382, 225 N.W.2d 454 (1975); *Phillips v. ABC Builders, Inc.,* 611 P.2d 821, 824–31 (Wyo. 1980).

1981, writ ref'd n.r.e.), *appeal dism'd,* —— U.S. ——, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982), the issue was whether the elevator company was entitled to protection of article 5536a, *supra.* In construing article 5536a, *supra,* the Houston court in *Ellerbe* stated:

> Article 5536a, was amended by adding section 2 extending the protection of the Act to 'any person' performing or furnishing construction or repair of any improvements on real property. Tex.Laws 1975, ch. 269, § 1, at 649. An elevator in a multi-storied building obviously constitutes an improvement on real property. The manufacture [sic] of the elevator would be a person performing or furnishing construction of the elevator even though it did not install it in the building.

*Id.* at 872. The court held that section 2 of article 5536a, *supra,* was a sufficient basis for the summary judgment in favor of the Otis Elevator Company. *Ellerbe v. Otis Elevator Co., supra* at 872.

Appellees urge that the instant case is controlled by the *Ellerbe* decision since they occupy the same status and come within the same class of persons as did the Otis Elevator Company. It is argued that *Ellerbe* answered in the affirmative the question whether the designer and manufacturer of component parts are protected. It is correct that *Ellerbe* held that article 5536a, *supra,* applies to architects, engineers, and "any person" performing or furnishing construction or repair of any improvement to real property. *Ellerbe v. Otis Elevator Co., supra* at 873. It is not correct, however, that *Ellerbe* answered the question whether the designer or manufacturer of component parts are protected. The Houston court in *Ellerbe* stated:

> We do not determine whether materialmen come within the statutory language.

*Ellerbe v. Otis Elevator Co., supra* at 873.

BLACK'S LAW DICTIONARY 881 (rev. 5th ed. 1979) defines the term materialman as "a person who has furnished materials used in the construction or repair of a building, structure, etc." A "materialman" in Texas case law has been defined as a person *who does not engage in the business of building or contracting* to build homes for others, but who *manufactures,* purchases or keeps for sale materials which enter into buildings and who *sells* or furnishes such material *without performing any work or labor in installing or putting them in place. Huddleston v. Nislar,* 72 S.W.2d 959, 962 (Tex.Civ.App.—Amarillo 1934, writ ref'd) (emphasis ours).

In the instant case the appellees are materialmen within the above definition. Appellee Eaton is the manufacturer of an electric hoist mechanism called the "Yale Load King Electric Hoist" which is a component part of the elevator installed on the Nutten property. At the time appellee Eaton manufactured the hoist in question, Campbell Chain and CMC supplied "link chain" to Eaton according to its specifications and requirements. Appellees Campbell Chain and CMC then are manufacturers of a component part of the electric hoist mechanism.

The question squarely before us is whether materialmen come within the statutory language of article 5536a, § 2, *supra.* We answer the question in the negative. Section 2 of article 5536a, *supra,* protects "any person performing or furnishing construction or repair of any such improvement." Under the statutory language, a materialman who does no more than manufacture or supply materials does not benefit from the statute. *See Carter v. Hartenstein,* 248 Ark. 1172, 455 S.W.2d 918, 920–21 (1970); *Skinner v. Anderson,* 38 Ill.2d 455, 231 N.E.2d 588, 591 (1967); *Reeves v. Ille Electric Co.,* 170 Mont. 104, 551 P.2d 647, 652–53 (1976); *Howell v. Burk,* 90 N.M. 688, 568 P.2d 214, 219–20 (1977). For the reasons stated, we hold that component part manufacturers are not protected by section 2 of article 5536a, *supra.* Accordingly, the trial court erred in granting appellees' motions for summary judgment. We sustain appellant's point of error number three.

The judgment of the trial court is reversed and remanded.