Norman DUBIN, et al., Appellants,

v.

CARRIER CORPORATION, et
al., Appellees.

No. 01–86–00561–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 7, 1987.

Neal Paster, James F. Tyson of Paster & Archer, James D. Wise, Jr. of Brown, Sims, Wise & White, Houston, for appellants.

Frank M. Bean, Bean & Manning, Larry Funderburk, John P. Cahill, Jr. of Funderburk & Funderburk, Houston, for appellees.

Before HOYT, DUGGAN and LEVY, JJ.

## OPINION

HOYT, Justice.

This is an appeal from a judgment entered in a wrongful death action predicated upon common law negligence, strict liability, and the Texas Wrongful Death and Survival Statutes.

On or about January 3, 1984, Lori Jo Dubin was found dead in her apartment. Her death was caused by the inhalation of carbon monoxide gas emitted from a wall heater installed in her apartment. The heater was designed and manufactured by the Williams Furnace Company ("Williams Furnace"), and was marketed and distributed through Day & Night Manufacturing Company, a division of Carrier Corporation ("Carrier").

Dubin's parents asserted causes of action against Williams Furnace and Carrier for their respective involvement in the design, manufacture, marketing, and distribution of the heater. Although causes of action were asserted by the Dubins against the apartment owners and Sears, the retail seller of the smoke alarm, the subject of this appeal concerns only the Dubins' cause of action and the cross-actions of appellants, the apartment owners and Sears, against Williams Furnace and Carrier.

Following the filing of cross-actions by the appellants against Williams Furnace and Carrier, Williams Furnace and Carrier filed motions for summary judgment asserting that these cross-actions were barred as a matter of law by the ten-year statute of repose, codified as Tex.Civ.Prac. & Rem.Code, § 16.008 (Vernon 1986) (formerly Tex.Rev.Civ.Ann. art. 5536a § 1, ch. 418, § 1, 1969 Tex.Gen.Laws 1379, *repealed by* Acts of June 16, 1985, ch. 959, § 9(1), 1985 Tex.Gen.Laws 7218. The appellants, Sears, the Dubins, and the apartment owners, argued that the statute does not apply to the facts of this case, that disputed material fact issues existed precluding summary judgment, and that the statute of repose is unconstitutional. The trial court granted Carrier's and Williams Furnace's motions for summary judgment.

Section 16.009 of the statute of repose provides:

(a) A claimant must bring suit for damages for a claim listed in Subsection (b) against a person who constructs or repairs an improvement to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.

(b) This section applies to suit for:

(1) injury, damage, or loss to real or personal property;

(2) personal injury;

(3) wrongful death;

(4) contribution; or

(5) indemnity.

Tex.Civ.Prac. & Rem.Code § 16.009.

■ Summary judgment for a defendant is proper when the evidence establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of the essential elements of a plaintiff's cause of action, *Blum v. Mott*, 664 S.W.2d 741 (Tex.App.—Houston [1st Dist.] 1983, no writ), or when each element of an affirmative defense to a plaintiff's cause of action

is established as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310 (Tex.1984).

■ We conclude that the terms of § 16.009 required that Williams Furnace and Carrier conclusively establish that the heater that they had designed and manufactured, was installed in the decedent's apartment more than 10 years prior to the commencement of this action and also that the heater constituted an "improvement" to real property.

The term "improvement" has been defined as having "broader signification than 'fixture' and comprehending all additions and betterments to the freehold." *Cantrell v. Broadnax*, 306 S.W.2d 429, 432 (Tex.Civ.App.—Dallas 1957, no writ). The term includes everything that permanently enhances the value of the premises. *County of Nueces v. Salley*, 348 S.W.2d 397 (Tex.Civ.App.—San Antonio 1961, writ ref'd n.r.e.). Generally, a product is a "fixture" when the occupant cannot remove it, or in contemplation of law, it is annexed to the soil and considered a part of the freehold. *Id.* at 400.

The deposition testimony shows that the wall heater in question was actually built into the apartment wall; that a flue extended through the roof of the apartment; and that, if permanently removed, the apartment would require some construction to cover the holes in the wall space and the flue opening.

We conclude that the heater constituted an "improvement" to real property because, in contemplation of law, it was "annexed to the soil." Evidence that the heater could operate in a free-standing mode does not alter this conclusion. *See Pacific Indemnity Co. v. Thompson-Yaeger, Inc.*, 260 N.W.2d 548 (Minn.1977) (where the Minnesota Supreme Court ruled that a furnace was an improvement to real property); *Fromm v. Frankhouser*, 7 Pa.D. & C.3d 560 (C.P. Lancaster Co. 1977) (where the court held that a mobile home, which was destroyed in a fire, and its furnace, which

caused the fire, constituted improvements to real property).

Having concluded that the heater, as installed, was an improvement to real property, we need not consider appellants' charge that Carrier failed to submit an affidavit stating that the heater was an improvement to real property.

We overrule this and related contentions.

■ We next consider whether the evidence establishes that the heater in question was installed more than 10 years before the Dubins' suit. Both Williams Furnace and Carrier alleged in their summary judgment motions that the heater had been installed more than 10 years prior to January 3, 1984, and claimed that fact as the basis for the applicability of the 10–year statute of repose. Witnesses Skafte and Burwell testified concerning when heaters of this type were manufactured; however, neither established the date that the heater in question was installed.

Williams Furnace's and Carrier's allegation that the heater was installed more than 10 years prior to Dubin's death is not summary judgment evidence. An affirmative defense requires proof establishing each of its elements. *Montgomery,* 669 S.W.2d at 310.

We sustain this contention.

Finally, we determine whether appellees Williams Furnace and Carrier are within the class afforded protection by § 16.009.

■ In its motion for summary judgment, Williams Furnace cited *Ellerbe v. Otis Elevator,* 618 S.W.2d 870 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), for the proposition that § 16.009 barred this action. *Ellerbe* involved a wrongful death action instituted against the designer and manufacturer of an elevator that was installed by a third party in a building. We held that an elevator, installed in a multistory building, constituted an improvement to real property for which its manufacturer was entitled to the protection of art. 5536a § 2, notwithstanding that the manufacturer did not actually install the elevator.

Consistent with *Ellerbe,* we hold that Williams Furnace is entitled to the protection of § 16.009 because Williams Furnace furnished construction of an improvement (the heater) to the apartment and because the heater constituted an improvement, in contemplation of law.

■ Carrier contends that it, like Williams Furnace, occupied the same position as did Otis Elevator in the *Ellerbe* case. Carrier adds that the purpose of the statute of repose is to protect individuals and corporations who have no control over the real estate improvement and have no authority to go onto the premises to inspect the improvement for unsafe conditions, to ensure that it is being used for the purpose for which it was designed, or to check for any defective alterations.

The statutory language of § 16.009 does not address suppliers, but expressly provides protection only to those persons who construct or repair improvements to real property. In this regard, appellants argue that Carrier was simply a supplier, and therefore cannot be afforded the protection of the statute. Whether Carrier was a supplier, or was a "person performing or furnishing construction or repair" to the apartments, turns on how Carrier *functioned* in this particular instance. *See McCulloch v. Fox & Jacobs, Inc.,* 696 S.W.2d 918, 922 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

In the *McCulloch* case, Fox & Jacobs contracted for the construction of a swimming pool, which it conveyed upon completion to the Community Club as part of a community package. McCulloch dove into the shallow end of the pool and severed his spinal cord. In his suit for damages, McCulloch alleged negligence, strict liability, and breach of warranties of merchantability and fitness for intended purposes. The court of appeals, having concluded that Fox & Jacobs: (1) supervised the construction process; (2) inspected the pool upon completion and found the workmanship "satisfactory"; and (3) never intended to

maintain possession or control of the facility, held that Fox & Jacobs did not *function* as an owner but rather as a builder or supervisor, and was, therefore, a "person performing or furnishing construction ... of ... [an] improvement." *Id.*

That construction and reasoning is appropriate here. At most, Carrier distributed a product that it contracted with Williams Furnance to manufacture. Although Carrier did not design, inspect, or install the improvement, as Fox & Jacobs did in *McCulloch,* we conclude that that distinction is not controlling. The controlling fact is how Carrier *functioned* in this transaction. We hold that Carrier *functioned* as a manufacturer of an improvement to real property, *id.; see Ellerbe,* 618 S.W.2d at 870, and accordingly sustain Carrier's contention.

■ Appellants also argue that the district court committed reversible error in granting appellees summary judgments because § 16.009 is unconstitutional when extended to include materialmen, manufacturers, and suppliers of household appliances. Appellants urge that had the legislature intended that the statute protect the above-named groups, it would have said so. Further, appellants contend that the statute is unconstitutional because the language of the statute indicates that it applies to any person performing or furnishing construction or repair of an improvement to real property and thus, affords protection to a vague and indefinite class of persons, thereby denying claimants due process. We disagree.

First, the appellants are precluded now from making these constitutional arguments because they were not first raised in the trial court. Rule 166–A(c) provides that, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal...." Tex. R.Civ.P. 166–A(c). Dubin argued in the trial court that, "[t]he statute in question is unconstitutional in that it deprives persons of their common law rights and actions in the form of 'special interests' legislation." Sears, Tittel, and Pesikoff incorporated by reference the constitutional issue raised by Dubin and never raised the express issue of the constitutionality of the statute as applied to materialmen, manufacturers, and suppliers. Thus, the issue raised below is not the same as the issue presented on appeal, and this Court cannot consider the issue of the constitutionality of the statute as presented. *Reddix v. Eaton Corp.,* 662 S.W.2d 720, 723 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

We note, however, that the issue of the constitutionality of art. 5536a, § 2 (now § 16.009), has been addressed previously by this Court as well as by another appellate court. *See McCulloch,* 696 S.W.2d at 923; *Ellerbe,* 618 S.W.2d at 873.

Accordingly, we overrule this point of error.

The judgment of the trial court is reversed and the cause remanded for proceedings in accordance with this opinion.