47 F.3d 133
 John G. SONNIER and Hope Sonnier, Plaintiffs-Appellants,
v.
CHISHOLM-RYDER COMPANY, INC., et al., Defendants,
Chisholm-Ryder Company, Inc., Unipunch Products, Inc., 3800
Highland, Inc. and Premax Limited Partnership of
Niagara Falls, Defendants-Appellees.
 No. 93-7677.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 22, 1995.
 
 Clinard J. Hanby, Kurt Arbuckle, Emmott & Arbuckle, Houston, TX, for appellant.
 Derral K. Sperry, John D. Wittenmyer, LeBoeuf & Wittenmyer, Houston, TX, for appellee.
 Appeals from the United States District Court for the Southern District of Texas.
 Before JONES and DeMOSS, Circuit Judges, and BUNTON*, District Judge.
 PER CURIAM:
 
 
 1
 CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE
 
 
 2
 FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS,
 
 
 3
 PURSUANT TO THE TEXAS CONSTITUTION ART.
 
 5, Sec. 3-C AND TEX.R.APP.P. 114
 
 4
 TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:
 
 1. STYLE OF THE CASE
 
 5
 The style of the case in which this certificate is made is John G. Sonnier and Hope Sonnier, Plaintiff-Appellants v. Chisholm-Ryder Company, Inc., Unipunch Products, Inc., 3800 Highland, Inc. and Premax Limited Partnership of Niagara Falls, Defendants-Appellees, Case No. 93-7677, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Texas. This case involves a determinative question of state law and jurisdiction of the case in the federal courts is based solely on diversity of citizenship. After a motion by the parties, the Fifth Circuit has decided to certify this question to the Honorable Justices of the Texas Supreme Court.
 
 2. STATEMENT OF THE CASE
 
 6
 We refer the Honorable Justices to the dissent from certification, below, for the facts of this case.
 
 3. QUESTION CERTIFIED
 
 7
 Whether a person or entity that manufactures a tomato chopping machine "constructs ... an improvement to real property" for the purpose of qualifying for the protection of the Statute of Repose, Tex.Civ.Pract. & Rem.Code Sec. 16.009 when that machine is originally installed by another party on real estate, then removed and reinstalled by such other party on real estate at a different location.
 
 
 8
 We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified.
 
 
 9
 EDITH H. JONES, Circuit Judge, dissenting.
 
 
 10
 I respectfully dissent from the certification of this question to the Texas Supreme Court. In reality, the majority have certified three questions to the Supreme Court, each of which was briefed separately by the parties in this court. Those questions are: (1) whether a manufacturer of an improvement, as opposed to an installer, may assert the protection of the Texas statute of repose; (2) whether the tomato chopper is an "improvement" to real property; and (3) whether the statute of repose begins to run anew if an improvement is removed from real property and affixed in another location.
 
 
 11
 My objections to the propriety of each these certification questions are brief. First, the law of Texas, with the exception of one appellate opinion, and the law of the Fifth Circuit construe the statute of repose as affording "product-oriented" rather than "actor-oriented" protection to constructors of improvements to real property. Given such uniformity, it is unnecessary to burden the state's highest court with the first certification request. Second, the jury, properly instructed, found that the tomato chopper is an improvement; there is no question that needs certification. Third, if the statute of repose did not lay claims at rest regarding improvements to real property and were to begin anew each time improvements are re-installed in a new location, it would hardly afford protection to the manufacturer, nor does such an interpretation comport with the statutory language. Because the court correctly applied state law in all respects, I would affirm.
 
 
 12
 Appellant John G. Sonnier, plaintiff below, was injured while he was a Maintenance Supervisor at the Texas Department of Corrections (TDC). Sonnier's hand and lower arm were severed as he inspected a tomato chopper at a cannery on the Ramsey III Unit of the TDC in Brazoria County, Texas. The tomato chopper was manufactured by Chisholm-Ryder Co., Inc. and purchased by the TDC in 1965. First installed at the Sugarland Central Unit, it was transferred to Ramsey III in 1985.
 
 
 13
 In 1991, a year after the accident, Sonnier and his wife filed a product liability suit against the manufacturer and its alleged successors in liability. The Defendants raised the statute of repose, Tex.Civ.Prac. & Rem.Code, Sec. 16.009,[1] as a defense to the Sonniers' claims. The district court first tried the statute of repose defense to a jury. In their verdict, the jury found that the tomato chopper was an "improvement" to real property at the Central Sugarland Unit. Having denied the plaintiffs' motion for judgment as a matter of law, the trial court entered judgment for the defendants in September, 1993.
 
 
 14
 Plaintiffs promptly renewed their motion for judgment as a matter of law on the repose defense upon the issuance of Williams v. U.S. Natural Resources, Inc., 865 S.W.2d 203 (Tex.App.--Waco 1993, no writ), a then-just-released decision that allegedly cast doubt on the federal court's interpretation of the statute of repose. Unconvinced that Williams was controlling authority, the judge denied this motion. The Sonniers have appealed principally because they believe that the statute of repose does not protect a manufacturer-defendant such as Chisholm-Ryder if it did not install the improvement on real property. Finding this and plaintiffs' other arguments unpersuasive, I would affirm.
 
 I.
 
 15
 This court reviews the district court's factual findings for clear error and its legal rulings de novo. Joslyn Mfg. Co. v. Koppers Co., Inc., 40 F.3d 750, 753-54 (5th Cir.1994); Chandler v. City of Dallas, 958 F.2d 85, 89 (5th Cir.1992). The Fifth Circuit recently interpreted the Texas repose statute in Dedmon v. Stewart-Warner Corp., 950 F.2d 244 (5th Cir.1992). "We are bound by this Court's prior decisions on what is the law of a state in a diversity case, just as we are bound by prior decisions of this Court on what is federal law." Lee v. Wal-Mart Stores, Inc., 34 F.3d 285, 289 n. 3 (5th Cir.1994) (citing Newell v. Harold Shaffer Leasing Co., 489 F.2d 103, 107 (5th Cir.1974)).
 
 
 16
 In Dedmon, Judge Reavley carefully summarized the operation of the repose statute in Texas:
 
 
 17
 [T]he statute's terms cover any "person who constructs or repairs an improvement," and thus permits extending protection beyond just those professions [architects and engineers], and Texas courts have interpreted the statute to cover some manufacturers of improvements to real estate so long as the manufacturing process amounts to construction of the improvement. See, e.g., Ellerbe v. Otis Elevator Co., 618 S.W.2d 870, 872 (Tex.App.--Houston [1st Dist.] 1981, writ ref'd n.r.e.) ("the manufacturer of the improvement would be a person performing or furnishing construction of [the improvement]").
 
 
 18
 Lacking any jurisprudential survey of the metes and bounds of this essentially guild oriented statute, the Texas courts have sought to define the perimeters of its application primarily by inspecting what products, rather than what actors, merit protection. The courts have looked to the concept of "improvement" for guidance in determining when to apply section 16.009. "Improvement" comprehends "all additions and betterments to the freehold." Dubin v. Carrier Corp., 731 S.W.2d 651, 653 (Tex.App.--Houston [1st Dist.] 1987, no writ) (Dubin I ); Cantrall v. Broadnax, 306 S.W.2d 429, 432 (Tex.App.--Dallas 1957, no writ). An improvement can be anything that "permanently enhances the value of the premises," Dubin I, 731 S.W.2d at 653, and may even be something easily removable so long as it is attached and intended to remain permanently as part of the building. Ablin v. Morton Southwest Co., 802 S.W.2d 788, 791 (Tex.App.--San Antonio 1990, writ denied) (garage door opener is an improvement); Dubin I, 731 S.W.2d at 654 (wall heating unit is an improvement).
 
 
 19
 The statute's plain words protect any person who "constructs ... an improvement to real property," and do not distinguish whether the person constructs the improvement on the premises or off of the premises for later installation by another. This statutory construction is confirmed by Ellerbe, 618 S.W.2d at 872 (manufacturer of office-building elevator is within repose statute even though manufacturer did not install elevator) and Dubin I, 731 S.W.2d at 654 (designer and manufacturer of wall heating unit is within repose statute despite having no involvement with construction of dwelling or installation of heater). So if an item qualifies as an "improvement," Texas courts will protect the manufacturer who constructs it, even if the construction takes place off premises and the manufacturer does not thereafter, install, modify, or inspect it.
 
 
 20
 Texas' Supreme Court has narrowed section 16.009's application by distinguishing an "improvement" from a "component part" of an improvement and denying repose to component-part manufacturers. Conkle v. Builders Concrete Products Mfg. Co., 749 S.W.2d 489, 491 (Tex.1988).
 
 
 21
 950 F.2d at 246-47 (footnote omitted, emphasis in original). Responding to the plaintiff's argument that Stewart-Warner, which manufactured a furnace installed by the builder in Dedmon's home, was not entitled to the protection of the repose statute, the Court held:
 
 
 22
 If we look for the correct analysis in the legislative intent of protecting architects, engineers, and contractors, we might be inclined to draw a boundary that includes only those who supply "individual expertise not susceptible of the quality control standards of the factory" and excludes manufacturers and suppliers of goods such as circuit breakers, garage door openers, and mass-produced heating units. However, doing so would require us to depart from an unbroken line of authority developed in several Texas appellate court decisions applying the repose statute to manufacturers of such goods intended for use as improvements. See Ablin, 802 S.W.2d at 791 (garage door opener); Dubin I, 731 S.W.2d at 654 (wall heating unit); Rodarte [v. Carrier Corporation], 786 S.W.2d at 96 [ (Tex.App.-El Paso 1990) ] (furnace). And cf. Conkle, 749 S.W.2d 491 (tacitly approving application of repose statute to manufacturer of permanently-installed elevator). We are controlled by Texas authority.
 
 
 23
 Dedmon, 950 F.2d at 250 (footnote omitted).
 
 
 24
 The Sonniers concede that under the Dedmon analysis, the trial court properly ruled that the statute of repose protects a manufacturer of a complete piece of equipment, not merely a component part, even though the manufacturer did not actually install the improvement but constructed it offsite. However, appellants argue that in Williams, supra, a conflict has now developed among the intermediate Texas appellate courts, and the "unbroken line of authority" relied upon in Dedmon has been severed. Appellants assert that this court should no longer feel bound to follow the majority of Texas decisions as did the court in Dedmon, but instead should either follow the minority view espoused in Williams or certify the question to the Texas Supreme Court for clarification. Unlike my colleagues, I disagree with appellants' position.
 
 
 25
 "In this circuit one 'panel may not overrule the decision, right or wrong, of a prior panel,' Brown v. United States, 890 F.2d 1329, 1336 (5th Cir.1989), in the absence of an en banc reconsideration or superseding decision of the Supreme Court." Pruitt v. Levi Strauss & Co., 932 F.2d 458, 465 (5th Cir.1991) (citations omitted). "Moreover, a prior panel decision 'should be followed by other panels without regard to any alleged existing confusion in state law, absent a subsequent state court decision or statutory amendment which makes this Court's [prior] decision clearly wrong.' " Broussard v. Southern Pac. Transp. Co., 665 F.2d 1387, 1389 (5th Cir.1982) (en banc) (quoting Lee v. Frozen Food Express, Inc., 592 F.2d 271, 272 (5th Cir.1979)); see also Pruitt, 932 F.2d at 465 ("[T]his Court must, however, 'follow subsequent state court decisions that are clearly contrary to a previous decision of this court.' ") (quoting Farnham v. Bristow Helicopters, Inc., 776 F.2d 535, 537 (5th Cir.1985) (emphasis added by Pruitt court)). "Simply stated, '[s]tare decisis requires that we follow our earlier determination as to the law of a state in the absence of any subsequent change in the state law.' " Broussard, 665 F.2d at 1389 (quoting Newell v. Harold Shaffer Leasing Co., 489 F.2d 103, 107 (5th Cir.1974)).
 
 
 26
 I think it plain that the decision of the Waco Court of Appeals in Williams is not a "subsequent change in state law or statutory amendment" that makes the prior decision of this court "clearly wrong." Dedmon surveyed the Texas appellate court decisions on the repose statute but grounded its analysis on the Texas Supreme Court's decision in Conkle v. Builders Concrete Prod. Mfg. Co., 749 S.W.2d 489 (Tex.1988). Dedmon identified an apparent conflict between Ellerbe v. Otis Elevator Co., 618 S.W.2d 870 (Tex.App.--Houston [1st Dist.] 1981, writ ref'd n.r.e.) (manufacturer of office-elevator is within repose statute even though manufacturer did not install elevator) and Reddix v. Eaton Corp., 662 S.W.2d 720 (Tex.App.--San Antonio 1983, writ ref'd n.r.e.) (repose statute does not protect "component part" manufacturers such as manufacturers of elevator hoist and link chain). Dedmon then noted that the Texas Supreme Court in Conkle cited both Reddix and Ellerbe in a manner which evidenced a distinction. Dedmon, 950 F.2d at 248.
 
 
 27
 Conkle involved a manufacturer of metal hoppers for use as part of a portable concrete batch plant. Conkle died while working inside one of the hoppers. The manufacturer won summary judgment under the repose statute, but the Texas Supreme Court found a genuine fact issue as to whether the manufacturer had "constructed an improvement to real property." Conkle, 749 S.W.2d at 490. The Court noted that the manufacturer had not manufactured the entire structure. Id. at 491. The Court held, citing Reddix, that "manufacturers of component parts do not come within the statutory language of section 16.009." Id. The Court then distinguished Ellerbe because "[t]here was no question that Otis Elevator, the defendant [in Ellerbe ], had manufactured the entire elevator unit" and an issue of fact remained whether the manufacturer in Conkle manufactured the entire structure. 749 S.W.2d at 491. Citing this passage, Dedmon concluded that the Texas Supreme Court "preserved an off-site manufacturer's repose, but only if the manufacturer constructs the entire improvement and not a component part of it." 950 F.2d at 248. If the Sonniers' proffered interpretation of the repose statute is correct--and manufacturers of improvements to real property are not protected unless they also installed their equipment on the real property--Conkle's distinction between component-part and entire-device manufacturers becomes irrelevant. See Dubin v. Carrier Corp., 798 S.W.2d 1, 2-3 (Tex.App. Hous. 14th Dist.1989) (finding repose for manufacturer of "entire assembly" instead of "materialman" and noting that "the controlling precedents--Conkle, Ellerbe, and Reddix--can comfortably fit within the same legal universe.")
 
 
 28
 The Williams court reviewed the same cases as Dedmon but chose to rely on Reddix instead of Ellerbe and disputed Dedmon's analysis of Conkle. See Williams, 865 S.W.2d at 205-09; see also Joel Androphy & Richard Kaplowitz, Statute of Repose: Confusion in Application, THE HOUSTON LAWYER, Sept./Oct 1994, at 29-31 (discussing Williams and Dedmon and noting the conflicting interpretations of Conkle ). Williams alone did not effect a change in the state law of Texas, nor did it make Dedmon "clearly wrong" in light of the evident tension between Conkle and Williams. See Broussard, 665 F.2d at 1390 (holding that "the failure of a prior panel to consider an apparent change in state law of which it was aware ... does not open the door for a subsequent panel to reconsider the prior panel's decision"); Lee v. Wal-Mart, 34 F.3d at 289 n. 3 (where prior decision failed to consider certain state court decisions, "this circumstance does not change the conclusion that we are bound by our prior decision." (citing Broussard )). Following Pruitt, supra, 932 F.2d at 466, this court may not disregard the Dedmon decision "when a subsequent state appellate court merely 'conflicts' with it" but only when subsequent state authority is " 'clearly contrary' to the prior decision in question."
 
 
 29
 I remain convinced of the correctness of the panel's decision in Dedmon. That aside, I believe this panel is bound by Dedmon, and certification is unnecessary. Texas Rule of Appellate Procedure 114(a) states that a question of law can be certified to the Supreme Court of Texas if "it appears to the certifying court that there is no controlling precedent in the decisions of the Supreme Court of Texas." Swearingen v. Owens-Corning Fiberglas Corp., 968 F.2d 559, 564 (5th Cir.1992) (citation omitted). I suggest that sufficient authority exists in Conkle. A single decision of a court of appeals that stands in sharp contrast to the majority of other appellate courts as well as a decision of the Supreme Court of Texas does not make this question certifiable. " 'Certification to the State Supreme Courts is a valuable resource of this court,' ... 'so we dare not abuse it by overuse lest we wear out our welcome.' " Swearingen v. Owens-Corning Fiberglas Corp., 968 F.2d 559, 564 (5th Cir.1992) (quoting Transcontinental Gas Pipeline Corp. v. Transportation Ins. Co., 958 F.2d 622, 623 (5th Cir.1992)).
 
 II.
 
 30
 With the question of the applicability of the repose statute decided, Appellants' other arguments are easily dispatched. First, they contend, the district court should have found the tomato chopper was not an "improvement to real property" as a matter of law. Because the tomato chopper was portable (and indeed was transported to a different prison cannery at least once), it could not be an improvement as that term has been defined in Texas law. The jury was accurately instructed on the Texas law definition of an improvement. The Texas Supreme Court in Conkle expressly found that there was a fact question whether or not the hopper in which Conkle died was an improvement to real property. 749 S.W.2d at 491. Consequently, the trial court here did not err in sending this question to the jury in light of the evidence tending to show that the tomato chopper, although moveable, was securely attached and intended to remain permanently as part of the Sugarland Central Unit when installed in 1965. Barnes v. Westinghouse Elec. Corp., 962 F.2d 513, 517 (5th Cir.1992) ("An improvement can be anything that permanently enhances the value of the premises, and it can even be something easily removable provided that it is attached and intended to remain permanently as part of the building" (citing Dedmon, 950 F.2d at 247)); Dedmon, 950 F.2d at 247 (citing Texas cases finding a garage door opener, a wall heating unit, and an elevator unit to be improvements).
 
 
 31
 The Appellants also assert that the ten-year repose period has not run since the chopper was installed at the Ramsey III unit in 1985. That argument is meritless because the protection of the repose statute once conferred cannot be revoked by relocation of the improvement to a new site. Appellants' interpretation does not follow the repose statute, which provides that an action must be brought against the person who constructs an improvement "not later than ten years after the substantial completion of the improvement ... in an action arising out of ... a deficiency in the construction or repair of the improvement." "Substantial completion" by a manufacturer occurs only once and sets a firm ten year limit on actions after the improvement is first constructed.
 
 
 32
 For these reasons, I respectfully dissent from the majority's decision to certify and would affirm the judgment of the trial court.
 
 
 
 *
 District Judge of the Western District of Texas, sitting by designation
 
 
 [1]
 Chapter 16 of the Texas Civil Practice and Remedies Code is entitled "Limitations" and contains the repose statute which reads, in pertinent part:
 Sec. 16.009 Persons Furnishing Construction or Repair of Improvements
 (a) A claimant must bring suit for damages for a claim listed in Subsection (b) [which includes personal injury] against a person who constructs or repairs an improvement to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.