**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 93-7677**

---

**JOHN G. SONNIER and
HOPE SONNIER,**

**Plaintiffs-Appellants,**

**VERSUS**

**CHISHOLM-RYDER COMPANY, INC., ET AL.,**

**Defendants,**

**CHISOLM-RYDER COMPANY, INC.,
UNIPUNCH PRODUCTS, INC.,
3800 HIGHLAND, INC. and PREMAX
LIMITED PARTNERSHIP OF NIAGARA FALLS,**

**Defendants-Appellees.**

---

Appeals from the United States District Court
for the Southern District of Texas

---

November 14, 1995

Before JONES and DeMOSS, Circuit Judges, and BUNTON[1], District Judge.

DeMOSS, Circuit Judge:

This products liability case involves an interpretation of the Texas statute of repose, TEX. CIV. PRAC. & REM. CODE § 16.009. We previously certified a question in this case to the Texas Supreme Court. <u>Sonnier v. Chisholm-Ryder Co., Inc.</u>, 47 F.3d 133 (5th Cir.

---

[1]District Judge of the Western District of Texas, sitting by designation.

1995).  The Texas Supreme Court has answered our certified question,  Sonnier v. Chisholm-Ryder Co., Inc., 1995 WL 407397 (Tex. July 12, 1995), and we now apply their ruling in the disposition of this appeal.  Finding that the district court erred in its judgment that John and Hope Sonnier (Plaintiffs) take nothing against Chisholm-Rider Company, Inc., et al., (Defendants), we reverse the judgment of the district court.

### BACKGROUND[2]

Appellant John G. Sonnier, plaintiff below, was injured while he was a Maintenance Supervisor at the Texas Department of Correction (TDC).  Sonnier's hand and lower arm were severed as he inspected a tomato chopper at a cannery on the Ramsey III Unit of the TDC in Brazoria County, Texas.  The tomato chopper was manufactured by Chisholm-Ryder Company, Inc. and purchased by the TDC in 1965.  First installed at the Sugarland Central Unit, it was transferred to Ramsey III in 1985.

In 1991, a year after the accident, Sonnier and his wife filed a product liability suit against the manufacturer and its alleged successors in liability. The defendants raised the statute of repose, Tex. Civ. Prac. & Rem. Code, § 16.009, as a defense to the Sonnier's claims.  The district court first tried the statute of repose defense to a jury.  In their verdict, the jury found that the tomato chopper was an "improvement" to real property at the Central Sugarland Unit.  Having denied the plaintiff's motion for judgment as a matter of law, the trial court entered judgment for the defendants in September, 1993.

Sonnier, 47 F.3d at 135 (Jones, J., dissenting) (footnote omitted).

Sonnier appealed to this Court and we determined that a proper disposition of the case required us to answer an unsettled question

_____

[2]Detailed statements of the facts of this case may be found at Sonnier, 47 F.3d at 135 (5th Cir. 1995) (Jones, J., dissenting) and Sonnier, 1995 WL 407397 *1.

of Texas law. Therefore, we certified the following question to the Texas Supreme Court:

> Whether a person or entity that manufactures a tomato chopping machine "constructs . . . an improvement to real property" for the purpose of qualifying for the protection of the Statute of Repose, Tex. Civ. Pract. & Rem. Code § 16.009 when that machine is originally installed by another party on real estate, then removed and reinstalled by such other party on real estate at a different location.

Sonnier, 47 F.3d at 134.

**TEXAS SUPREME COURT ANSWER**

The Texas Supreme Court answered our certified question in two parts. The court first considered "whether a manufacturer of personalty which becomes an improvement to real property `constructs' an `improvement to real property'". Sonnier, 1995 WL 407397 *3. Next, the court considered whether "when personalty is installed and used on one piece of land for over ten years, and then is removed and reinstalled on another property by the initial purchaser, whether the ten-year repose period starts again upon the substantial completion of the personalty's reinstallation." Id.

The court answered the first question in the negative. They held that only one who "alter[s] realty by constructing additions or annexing personalty to it" benefits from the statute of repose. Id. at *8. One who does "no more than manufacture personalty that is later transformed by third parties into an improvement" is not protected by the statute of repose. Id. The court went on to say that "Chisholm is only the manufacturer of personalty. As such it cannot claim the protection of section 16.009 of the Texas Civil

3

Practice and Remedies Code because it did not `construct . . . an improvement to real property.'" <u>Id</u>. at *9.

The court likewise answered the second question in the negative. "The statute of repose governing the annexation at Sugar Land is not revivified by any activity occurring at another construction site. The subsequent annexation at Ramsey created a new ten-year repose period protecting those who annexed the personalty to the realty there . . . ." <u>Id</u>.

## CONCLUSION

Chisolm did not "construct . . . an improvement to real property". Therefore, it does not receive the protection of Texas' statute of repose. In addition, when the tomato chopper was moved to Ramsey III in 1985, a new repose period began to run. Because Chisholm could not be protected by the statute of repose, the judgment of the district court is REVERSED and the case is remanded to the district court for proceedings consistent with this opinion and the opinion of the Supreme Court of Texas.