James L. CONKLE, Sr., Independent Administrator of the Estate of Douglas A. Conkle and Individually and Nancy H. Conkle, Petitioners,

v.

**BUILDERS CONCRETE PRODUCTS MANUFACTURING COMPANY and Dillon Steel, Inc., Respondents.**

No. C–7279.

Supreme Court of Texas.

May 11, 1988.

Ned E. Webster, Hill, Heard, O'Neal, Gilstrap & Goetz, P.C., Arlington, for petitioners.

Paul H. Stanford, McMullen, Ponten, Jenkins & Smith, P.C., Dallas, H. Harman Camp, Camp, Jones, O'Neill, Hall & Bates, Fort Worth, for respondents.

PER CURIAM.

In this case, the parents of Douglas Conkle sued his employer and the manufacturer of the concrete batch plant where he worked for damages that resulted from his untimely death. The trial court granted partial summary judgment for the employer on the grounds that the Conkles were barred from suit because of their acceptance of death benefits under the Worker's Compensation Act. It then granted summary judgment for the employer on the Conkles' remaining claim for exemplary damages for the intentional and willful infliction of death on the deceased. The trial court also granted summary judgment for the manufacturer on the grounds that the Conkles' claim was barred by the 10 year statute of limitations applicable to claims against persons who construct improvements to real property. TEX.CIV.PRAC. & REM.CODE § 16.009 (1986). In an unpublished opinion, the court of appeals affirmed. Pursuant to TEX.R.APP.P. 133(b), a majority of this court reverses the judgment of the court below granting summary judgment to the manufacturer and upholds that portion of the judgment granting summary judgment for the employer.

Douglas Conkle worked as a materialman for Builders Concrete Products Manufacturing Company. His job was to direct various materials for concrete mixture into appropriate bins or hoppers. These bins and hoppers were part of a concrete batch plant. They were designed and manufactured by Dillon Steel at its plant in 1956. The plant was originally sold and delivered to Lok Rok Corporation. It was later purchased by Builders Concrete and moved to its property. On a fairly regular basis, foreign objects, which could cause damage to the machinery, made their way into the bins. It was the practice of the materialmen, under instructions from Builders Concrete management, to get into the bins to remove the objects. Conkle apparently got into one of the bins for that purpose and was trapped. His body was discovered at the bottom of one of the bins, completely covered with sand.

We affirm that portion of the judgment below which affirms the trial court's summary judgment as to the employer. However, we agree with the Conkles that the summary judgment as to Dillon Steel was improper because it failed to establish as a matter of law that Dillon constructed an improvement to real property as provided for in TEX.CIV.PRAC. & REM.CODE § 16.009 (1986).

Section 16.009 provides in pertinent part: (a) a claimant must bring suit for damages for a claim listed in subsection (b) against the person who constructs or repairs an improvement to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in construction or repair of the improvement.

(b) This section applies to suit for:

(1) Injury, damage or lost real or personal property;

(2) Personal injury;

(3) Wrongful death;

(4) Contribution; or

(5) Indemnity.

*Id.*

Roy J. Dillon admitted that Dillon Steel did not manufacture or construct the mixer apparatus which is joined with the bins and hoppers to form a concrete batch plant. Thus, there was testimony that Dillon Steel had not manufactured the entire structure. Further, there was evidence that the plant is actually portable. The bins were first constructed at Dillon's plant and then moved to the batch plant's original location on the property of Lok Rok Corporation. It was only later that the plant was even placed on Builders' property.

Manufacturers of component parts do not come within the statutory language of section 16.009. *Reddix v. Eaton Corporation*, 662 S.W.2d 720 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). The court of appeals relied on *Ellerbe v. Otis Elevator*, 618 S.W.2d 870 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), for the proposition that a person who constructs an improvement to real property need only furnish construction, even though it does not install the item. *Ellerbe*, however, involved an elevator that was still located in the building in which it was originally installed. There was no question that Otis Elevator, the defendant, had manufactured the entire elevator unit.

Dillon failed to meet its burden of proof. The summary judgment evidence raised an issue of fact regarding whether the machinery in which Douglas died was in fact an improvement to real property and whether Dillon Steel manufactured the entire unit or component parts only.

We accordingly grant the application for writ of error. Pursuant to TEX.R.APP.P. 133(b), without hearing oral argument, a majority of this court reverses that portion of the judgment granting summary judgment for Dillon Steel as being in conflict with TEX.CIV.PRAC. & REM.CODE § 16.009. The cause is remanded to the trial court for proceedings in accordance with this opinion.