Norman DUBIN and Mercedes Dubin, Individually, and as Representatives of the Estate of Lori Jo Dubin, Appellants,

v.

CARRIER CORPORATION, Day & Night Manufacturing Company, a Division of Carrier Corporation, the BDP Company, a Division of Carrier Corporation, Williams Furnace Company and Continental Materials Corporation, Appellees.

No. A14–88–814–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 7, 1989.

Rehearing Denied Jan. 25, 1990.

Dan Fontaine, Houston, for appellants.

Frank M. Bean, Larry Funderburk, James Isbell, Marion Woodrow Kruse, Jr., Frank B. Stahl, Jr., John P. Cahill, Jr., Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is the second appeal in a wrongful death action brought by the parents of Lori Jo Dubin after she died from carbon monoxide inhalation, allegedly caused by a defective wall heater. They sued several parties in the heater's chain of distribution, but the trial court rendered an adverse summary judgment on the basis of the 10 year statute of repose, TEX.CIV.PRAC. & REM.CODE § 16.009. The First Court of Appeals reversed. *Dubin v. Carrier Corp.*, 731 S.W.2d 651 (1987, no writ). Upon remand the defendants adduced additional proof and procured a second summary judgment on limitations grounds. Appellants' challenge to the ruling below consists of four independent contentions:

(1) § 16.009 does not cover appellees because they are mere materialmen,

(2) there is a fact issue over whether ten years had elapsed after the installation of a certain component part,

(3) there is a fact issue over whether the heater was an improvement to real property, and

(4) application of § 16.009 would violate state and federal constitutional guarantees of equal protection, as well as the state open courts provision.

We hold that none of these arguments is well taken. Consequently, the judgment is affirmed.

The first question to be decided is whether § 16.009 even applies to parties such as the appellees. Appellees consist essentially of two groups: Carrier (responsible for marketing and distribution) and Williams (responsible for manufacturing and design). It is argued first that mere materialmen receive no protection from the statute. This is a correct statement of law. *See Conkle v. Builders Concrete Prods. Mfg.*, 749 S.W.2d 489, 491 (Tex.1988); *Reddix v. Eaton*, 662 S.W.2d 720 (Tex.App.—San Antonio 1983), writ ref'd n.r.e.). Accordingly, appellants characterize appellees as nothing more than materialmen, that is, component part manufacturers. We cannot agree. The materialman exclusion plainly does not apply to Williams, because Williams did far more than simply supply parts. Indeed, Williams both made a portion of the unit *and also* manufactured the entire assembly. Had Williams produced only a component part, appellant's argument would possess greater force; but we cannot see why such a party should lose the statutory protection which it would have deserved had it manufactured the entire heater *without* also making a component part.

Carrier's status was characterized by the First Court of Appeals as within the scope of § 16.009. It is therefore permissible to regard that determination as the law of the case, and we so regard it. Even if we chose not to leave the prior ruling intact, our own reading of the relevant caselaw convinces us that it was correct. *See McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918 (Tex.App.—Dallas 1985, writ ref'd, n.r.e.); *Ellerbe v. Otis Elevator Co.*, 618 S.W.2d 870 (Tex.Civ.App.—Houston

[1st Dist.] 1981, writ ref'd n.r.e.), *appeal dismissed for want of a substantial federal question*, 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982).*

■ The second point of error asserts the existence of a fact issue over the expiration of the requisite ten years. Appellees put on proof which established the apparent running of the statute. Appellants glean a fact issue by relying on the deposition testimony of their expert, Roger Craddock. He suggested in essence that the unit's heat exchanger appeared to be new, or at least "newer" than the original. This comment is taken to create a genuine dispute over whether ten years had elapsed. First, we regard this testimony as too speculative to support appellant's argument. In view of the age of the heater (it was made before 1960 and heated the apartment in question for the better part of twenty years), Craddock's passing comment creates no more than a surmise. Second, and more important, the fact remains that appellees adduced evidence that *they* had had nothing to do with the heater during the more than ten years following its installation. That a third party might have altered the heat exchanger would in no way recommence the running of the statute against appellees. We overrule point of error two.

■ The third point of error raises the question whether the heater qualifies as an improvement to real property, as § 16.009 requires. The First court squarely answered that question in the affirmative. Accordingly, we may presumptively view that determination as the law of the case. Appellants offer a recent Supreme Court decision as a reason for departing from the law of the case. In *Conkle v. Builders Concrete Prods. Mfg.*, 749 S.W.2d 489 (Tex. 1988) the Court reversed a summary judgment which had been rendered on the basis of § 16.009. The per curiam opinion discussed the specific factual record in that case and concluded that one of the respondents had not carried its burden:

[T]here was evidence that the plant is actually portable. The bins were first constructed at Dillon's plant and then moved to the batch plant's original location.... It was only later that the plant was even placed on Builders' property.

749 S.W.2d at 491. In the case before us there was clear evidence establishing the character of the furnace. Not only was the heater installed into a recessed wall cavity, but it also fed into its own dedicated flue, or chimney, system. Point of error three is overruled.

■ In the final point of error appellants invoke state and federal constitutional guarantees as precluding application of § 16.009 to their case. No claim is made that ten years is always an unreasonably short time period, one which should be replaced by a longer one. Rather, it is argued that application of *any* statute of repose to these appellants would be unconstitutional as denying equal protection and violating the open courts provision of the Texas Constitution. State and federal courts alike have uniformly rejected this claim. *See, eg., Hasty v. Rust Eng. Co.*, 726 F.2d 1068 (5th Cir.1984); *McCulloch v. Fox & Jacobs, Inc., supra; Nelson v. Metallic–Braden Building Co.*, 695 S.W.2d 213 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d 644 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). We therefore overrule the fourth point of error.

The judgment is affirmed.

---

*\* Although appellants maintain that the opinion in Conkle restricts Ellerbe to its facts, we perceive no such intention on the part of the Supreme* Court. The controlling precedents—*Conkle, Ellerbe,* and *Reddix*—can comfortably fit within the same legal universe.