Esther C. RODARTE, et al., Appellants,

v.

CARRIER CORPORATION, Appellee.

No. 08–89–00232–CV.

Court of Appeals of Texas,
El Paso.

March 7, 1990.

Rehearing Overruled April 4, 1900.

Larsen, Hon. Susan Larsen, El Paso, for appellants.

George W. Finger, Jeffrey S. Alley, James R. Dennis, Scott, Hulse, Marshall, Feuille, Finger and Thurmond, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a summary judgment entered in a wrongful death case based upon the Texas statute of repose which requires suits against one who constructs or repairs an improvement to real estate to bring such suit within ten years after the construction or repair of the improvement. We affirm.

On April 20, 1982, Mario Rodarte was attempting to repair a 38C4 heater-air conditioner unit which was designed, manufactured and marketed by the Carrier Corporation. He was electrocuted and his heirs filed this suit for wrongful death in 1983 alleging that design and marketing defects were the producing cause of his death. This unit was installed in a building in El Paso sometime prior to 1970. There is no dispute about this unit having been manufactured and installed more than ten years before this suit was filed. Carrier alleged the suit was barred by the provisions of Tex.Civ.Prac. & Rem.Code sec. 16.008 and sec. 16.009 (Vernon 1986). Our decision is controlled by sec. 16.009 which provides in part as follows:

(a) A claimant must bring suit for damages for a claim listed in Subsection (b) against a person who constructs or repairs an improvement to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.

(b) This section applies to suit for:

.        .        .        .        .

(3) wrongful death;

The Appellant's initial complaints are that the statute of repose does not apply in this case because Carrier Corporation as a manufacturer had no role in the installation or servicing of this unit and that such unit was only a component part of a greater system and was not in itself an improvement. The statute only requires that the particular item in question be "an improvement to real property." Courts have held that a heating or refrigeration system is an improvement to real property. *Qualitex, Inc. v. Coventry Realty Corp.,* 557 A.2d 850 (R.I.1989). In *Dubin v. Carrier Corporation,* 731 S.W.2d 651 (Tex. App.—Houston [1st Dist.] 1987, no writ), the Court said that an "improvement" comprehends all additions and betterments to the freehold. In that case, the Court in a summary judgment proceeding concluded that the wall heater in an apartment constituted an improvement to real property within the meaning of sec. 16.009 of the statute of repose. The case relied upon the holding in *Pacific Indemnity Company v. Thompson–Yaeger, Inc.,* 260 N.W.2d 548 (Minn.1977), where the Court held that a furnace was an improvement to real estate as a matter of law.

This particular unit had both electrical and water connections and a flue attached to it as a part of the building it served. The unit has served a one-story strip shopping center since 1965. It is permanently connected to the premises by its connection to the duct work and is blocked into a corner of a building by other units which are permanently attached to the structure. The Appellant contends that there is a fact issue as to whether the unit is a fixture. We need not decide that issue because it does not control the disposition of the case where the statute only speaks of "an improvement" and not a fixture. To require that the unit in question be a fixture would require an amendment to the statute, a task for which we were not elected. Both the affidavits and pictures establish that this unit is a complete item to provide service to the building where it was located. We cannot accept the argument that Carrier is only a supplier or materialman who does not come within the statutory definition of a person who constructs an improvement. We also reject the argument that this case should be controlled by the holding in *Conkle v. Builders Concrete Products Manufacturing Company*, 749 S.W.2d 489 (Tex.1988). In that case, the Court said that the plant was actually portable and thus it could not be an improvement to real property. The unit in our case remained in place from at least 1965 to 1988 according to the affidavit of the Fox Plaza property manager. Points of Error Nos. One and Two are overruled.

■ The Appellants next urge that the statute of repose does not apply to allegations of liability grounded in inadequate warning and defective design as opposed to complaints about construction or repair of an improvement. This issue was not raised in opposition to the motion for summary judgment and may not be raised for the first time on appeal. Tex.R.Civ.P. 166(a); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). But, in any event, the statute applies to an action arising out of a defective or unsafe condition in the construction of the unit and all of the claims against this manufacturer fall within those provisions of the statute.

The reliance upon the dissenting opinion in *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), is not viable. Point of Error No. Three is overruled.

The question as to the application of sec. 16.008 which limits the liability of architects and engineers need not be reached in view of our holding that sec. 16.009 is applicable and Point of Error No. Four is moot.

■ The last three points of error raise issues as to whether the statute of repose violates constitutional rights of due process, equal protection and open access to the courts. The courts which have considered these questions have uniformly held that there were no violations of constitutional rights. *Barnes v. J.W. Bateson Company, Inc.*, 755 S.W.2d 518 (Tex.App.—Fort Worth 1988, no writ); *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Sowders v. M.W. Kellogg Company*, 663 S.W.2d 644 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Ellerbe v. Otis Elevator Company*, 618 S.W.2d 870 (Tex.Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), *dism'd*, 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39, *reh. denied*, 459 U.S. 1059, 103 S.Ct. 478, 74 L.Ed.2d 625 (1982); *Hill v. Forrest & Cotton, Inc.*, 555 S.W.2d 145 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.). Points of Error Nos. Five, Six and Seven are overruled.

The judgment of the trial court is affirmed.