David KARISCH, Appellant,

v.

ALLIED–SIGNAL, INC.,
et al., Appellees.

No. 13–91–419–CV.

Court of Appeals of Texas,
Corpus Christi.

July 30, 1992.

Brian Jensen, Paul Rosen, Houston, for appellant.

Marc D. Murr, William Key Wilde, Alicia K. Dowdy, Bracewell & Patterson, Houston, John Eckel and George W. Vie, III, Mills, Shirley, Eckel & Bassett, James H. Limmer and Robert C. McCabe, Tekell, Book, Matthews & Limmer, Houston, for appellees.

Before NYE, C.J., and FEDERICO G. HINOJOSA, Jr., and KENNEDY, JJ.

## OPINION

### FEDERICO G. HINOJOSA, Jr., Justice.

This is an appeal from a summary judgment. Appellant suffered injuries when a heat exchanger exploded at the Amoco Oil Co. refinery in Texas City. Appellant sued Amoco Oil Co., Amoco Chemical Co., and U.S. Contractors for negligence in failing to properly test the heat exchanger and for designing, constructing, and manufacturing an unreasonably dangerous heat exchanger. Appellant also sued Pathway Bellows, Inc. for manufacturing a defective expansion joint, a component of the heat exchanger. For reasons that do not appear in the record, appellant later non-suited Pathway Bellows, Inc. The trial court granted summary judgment for appellees on grounds of the statute of repose. The trial court severed appellant's cause of action against appellees from the remaining case to allow appellant to proceed with this appeal. By a single point of error, appellant complains that the trial court erred in rendering summary judgment against him because a material fact issue exists concerning whether the heat exchanger was an "improvement" or a "component part." We affirm the trial court's judgment.

■ To sustain a summary judgment, we must determine that the pleadings and summary judgment evidence establish that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. *McFadden v. American United Life Ins. Co.*, 658 S.W.2d 147, 148 (Tex.1983). We accept all evidence favorable to the non-movant as true, indulge the non-movant with every favorable reasonable inference, and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985).

■ Manufacturers of component parts do not come within the protection of the statute of repose. *Conkle v. Builders Concrete Prod. Mfg. Co.*, 749 S.W.2d 489, 491 (Tex.1988). The statute of repose provides:

A claimant must bring suit for damages for a claim listed in Subsection (b) against a person who constructs or repairs an improvement to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.009(a) (Vernon 1986).

■ The statute does not define the term "improvement." The Houston 1st Court of Appeals has stated:

The term "improvement" has been defined as having "broader signification than 'fixture' and comprehending all additions and betterments to the freehold." The term includes everything that permanently enhances the value of the premises. Generally, a product is a "fixture" when the occupant cannot remove it, or in contemplation of law, it is annexed to the soil and considered a part of the freehold. (Citations omitted.)

*Dubin v. Carrier Corp.*, 731 S.W.2d 651, 653 (Tex.App.—Houston [1st Dist.] 1987, no writ), *after remand*, 798 S.W.2d 1 (Tex. App.—Houston [14th Dist.] 1990, writ dism'd by agr). While an improvement may not be a fixture, a fixture is necessarily an improvement. *Ablin v. Morton Southwest Co.*, 802 S.W.2d 788, 791 (Tex. App.—San Antonio 1990, writ denied); *Dubin*, 731 S.W.2d at 653.

■ To determine whether personalty has become a permanent part of the realty to which it is affixed, we examine three factors:

1) the mode and sufficiency of annexation, either real or constructive,

2) the adaptation of the article to the use or purpose of the realty, and

3) the intention of the party who annexed the chattel to the realty.

*Logan v. Mullis*, 686 S.W.2d 605, 607 (Tex. 1985). The intention of the party who does the annexing is preeminent; the other two factors are merely evidence of intent. *Id.* at 607. However, even testimony of intention that the chattel was not meant to become a fixture will not prevail in the face of undisputed evidence to the contrary. *Id.* at 608.

Appellees produced the following evidence:

1) The heat exchanger in question weighs nearly forty tons and is approximately 31 feet long.
2) Its function is heating and cooling gaseous substances.
3) It was originally designed to Amoco's specifications, and when installed, was bolted to a concrete structure built to support it and connected to the Amoco plant by large pipes.
4) Originally, in 1965, the heat exchanger was used in Amoco's ammonia plant.
5) The ammonia plant was subsequently converted to produce hydrogen, but the heat exchanger remained in place and was never moved.
6) Moving the exchanger would have required ten to twelve people and a crane of undetermined size.
7) In order to move the heat exchanger from the hydrogen plant, blinds would have to be installed in some areas, piping would have to be removed, and the unit would have to be unbolted from its foundation.

Appellant presented evidence that heat exchangers in the Amoco refinery are sometimes moved within the refinery or even removed and sold. Since we are reviewing a summary judgment, we accept this evidence as true, but appellant produced no evidence to controvert the evidence produced by appellees.

Given the undisputed facts concerning the size of the heat exchanger, the difficulty of moving it, its use, its continuous existence in the same place for 22 years, and the fact that it remained in place and its function adapted when the refinery was modified from ammonia to hydrogen production, we find that the heat exchanger was an improvement to the realty.

We find this case distinguishable from *Conkle*, in which the evidence showed that the deceased was trapped and covered with sand at a concrete batch plant. The defendant in *Conkle* manufactured a bin that was transported to one location, incorporated into a concrete batch plant with components manufactured by others, and later moved with the batch plant to the location where the death occurred. *Conkle*, 749 S.W.2d at 491. Here, appellees are alleged to have designed, constructed, and manufactured the entire heat exchanger. Appellant's argument that the heat exchanger was a component part of the hydrogen producing unit would seem more aptly applied to the expansion joint, a component part of the heat exchanger.

Texas courts have held that many things less cumbersome than this heat exchanger are improvements as a matter of law, despite the fact that their functions are subsidiary to the larger structure which contained them: a garage door opener, *Ablin*, 802 S.W.2d at 792; an apartment wall heater, *Dubin*, 731 S.W.2d at 653; an air-conditioning unit, *Rodarte v. Carrier Corp.*, 786 S.W.2d 94, 96 (Tex.App.—El Paso 1990, writ dism'd by agr.). Construing Texas law, the Fifth Circuit Court of Appeals held a home furnace to be an improvement, not a component part, though the furnace was connected to fuel lines, flues, and ducts not of defendant's manufacture. *Dedmon v. Stewart–Warner Corp.*, 950 F.2d 244, 250 (5th Cir.1992). We conclude that attaching an item to a larger structure does not automatically make it a component part. We overrule appellant's point of error.

We AFFIRM the trial court's judgment.