United States Court of Appeals,

Fifth Circuit.

No. 92-1540.

John E. CORBALLY, James Furman, and Philip Grace, Liquidating Trustees, Plaintiffs-Appellants,

v.

W.R. GRACE & CO., Defendant-Appellee.

June 18, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before THORNBERRY, JOLLY and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

When asbestos was discovered in 1989 in an office building, Plaintiffs decided to have it removed.[1] To recover the high cost of removing the asbestos-containing material, Plaintiffs sued W.R. Grace & Co.-Conn., successor of the Zonolite Company. Zonolite manufactured asbestos-containing fireproofing material (ACM) called ZAP (Zonolite Acoustical Plastic) that was installed in the building during its construction in the late fifties.

On Grace's motion for summary judgment, the trial court dismissed Plaintiffs' claims as barred by one of two Texas statutes of repose. The two statutes bar assertion of claims against architects and engineers who design the construction of improvements to real property[2] and against persons who construct or repair improvements to real property[3] after ten years of substantial completion of

---

[1] Plaintiffs are liquidating trustees for the benefit of the John D. and Catherine T. MacArthur Foundation, which owns the building.

[2] Tex.Civ.Prac. & Rem.Code Ann. § 16.008(a) (Vernon 1986) provides, "A person must bring suit for damages for a claim ... against a registered or licensed architect or engineer ... who designs, plans, or inspects the construction of an improvement to real property or equipment attached to real property, not later than 10 years after the substantial completion of the improvement."

[3] Tex.Civ.Prac. & Rem.Code Ann. § 16.009(a) (Vernon 1986) provides a similar ten-year limit "for a claim ... against a person who constructs or repairs an improvement to real property ... in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction ... of the improvement."

the improvement.  Finding neither of the statutes applicable, we reverse and remand.

I.

The facts about Zonolite's product, ZAP, are not disputed.  Zonolite factory-mixed a dry product of asbestos, vermiculite, and other substances, packaged it in bags, and shipped it to dealers for resale.  At the job site a plastering subcontractor mixed the product with water according to a formula described in the manufacturer's instructions.  This slurry which resulted from the mixture of the ZAP with water was spray-applied to the structure by the plastering contractor.  Zonolite advertised the ACM as a fireproofing treatment to be sprayed to the underside of steel floors;  in this case, the product was applied to a steel roof deck assembly.

We are guided primarily by three cases which shed light on the meaning of the phrase "improvement to real property" in the statutes of repose:  *Dedmon v. Stewart-Warner Corp.,* 950 F.2d 244 (5th Cir.1992), *Barnes v. Westinghouse Electric Corp.,* 962 F.2d 513 (5th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 600, 121 L.Ed.2d 536 (1992), and *Conkle v. Builders Concrete Products Manufacturing Co.,* 749 S.W.2d 489 (Tex.1988).

The district court correctly began its analysis by considering whether the ZAP resulted in a betterment to the freehold.  As we stated in *Barnes,* "[a]n improvement can be anything that permanently enhances the value of the premises, and it can even be something easily removable provided that it is attached and intended to remain permanently as part of the building." *Barnes,* 962 F.2d at 517;  see also *Dedmon,* 950 F.2d at 247.

As noted in *Dedmon,* however, even if the ZAP became a betterment to the freehold, the inquiry into application of the statutes does not stop there.  In *Conkle v. Builders Concrete Products Manufacturing Co.,* the Texas Supreme Court narrowed the application of § 16.009 by distinguishing a "component part" of an improvement from an "improvement" and by denying repose to component-part manufacturers.  See *Dedmon,* 950 F.2d at 247 (citing *Conkle,* 749 S.W.2d at 491); see also *Barnes,* 962 F.2d at 517.

The *Dedmon* panel recognized that the "improvement versus component part" distinction would be difficult to apply but nevertheless was bound by Texas jurisprudence on the subject.

*Dedmon,* 950 F.2d at 248. *Dedmon* notes that if the product involved is an "improvement" within the meaning of the statute, then under Texas jurisprudence the statute of repose applies even if the defendant who constructed it is an off-site manufacturer. *Dedmon,* 950 F.2d at 247. *Dedmon* observed that *Conkle* preserved an off-site manufacturer's repose, but only if the manufacturer "constructs the entire improvement and not a component part of it." *Dedmon,* 950 F.2d at 248.

In *Conkle* the defendant manufactured bins and hoppers which were part of a portable concrete batch plant. Testimony that the bin and hopper manufacturer had not manufactured "the *entire* structure" left a fact issue whether the defendant manufactured "an *entire unit* or component parts only." *Conkle,* 749 S.W.2d at 491 (emphasis added). *Conkle* contrasted the bin and hopper manufacturer with the manufacturer of an "entire elevator unit" located in the building in which it was installed. *Conkle,* 749 S.W.2d at 491 (citing *Ellerbe v. Otis Elevator Co.,* 618 S.W.2d 870 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), appeal dism'd, 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982)). Thus there was a fact issue whether the manufacturer constructed "an improvement to real property." Id.

Although the test distinguishing a component part from an improvement may be difficult to fashion in the abstract, we have no difficulty in light of *Dedmon* and *Conkle* in holding that the bag of chemicals Grace's predecessor provided is a component part and not an improvement. First of all, we could not classify ZAP as an "entire unit" by any stretch of the imagination. Before becoming part of any "unit," the ZAP had to change forms, in that it must be mixed with water and spray-applied by a contractor. Thus when Zonolite delivered its product, the ZAP was still several steps removed from becoming an improvement or betterment to the freehold of any real property.

We need not decide whether the slurry obtained when the ZAP was mixed with water is an "improvement." But considering that Texas jurisprudence requires us to distinguish component parts from improvements, certainly neither the mixed product in the bag nor the water it was mixed with could be characterized as anything more than a component part of an improvement.

Additionally, ZAP was unstructured material, bagged, and sold as powder. *Conkle* would not classify a product built off-site as an "improvement" because it was unclear whether the manufacturer

had built an "entire unit" or "entire structure." *No* structure was manufactured by Grace's predecessor. Never has a Texas court[4] considered an unstructured product like ZAP which was to be mixed up and applied to a building an "improvement to real property." "Texas courts have interpreted the statute to cover some manufacturers of improvements to real property *so long as the manufacturing process amounts to the construction of the improvement.*" *Dedmon,* 950 F.2d at 246 (emphasis added).

Grace argues that the mere fact that the product arrived at the job site in bags and required further mixing does not remove the product from the "improvement" classification to the "component part" classification, citing *Dallas Market Center Development Co. v. Beran & Shelmire,* 824 S.W.2d 218 (Tex.App.—Dallas 1991, writ denied). Grace suggests that an exterior masonry wall at issue in Dallas Market previously consisted of bricks and mortar, which had probably been delivered in bags. Our review of the *Dallas Market* case reveals that the claimed improvement was the wall itself, constructed by a masonry contractor. Id. at 219-20. There was no claim that the manufacturer of unstructured building material such as mortar had constructed an improvement rather than a component part.

No "construction of an improvement to real property" occurred till the subcontractor mixed and spray-applied Zonolite's product onto the building, which is the improvement to real property in this case. At most, Zonolite manufactured a product which later became part of an improvement. *Conkle* has carved out a clear exception for "component parts" of an improvement. We therefore hold that as a matter of law Zonolite did not construct any "improvement to real property" nor "design the construction of an improvement" within the meaning of § 16.008 or § 16.009. Accordingly, the statutes of repose do not protect Grace.

II.

---

[4]The district court erroneously relied upon *Trust Co. Bank v. United States Gypsum Co.,* 950 F.2d 1144 (5th Cir.1992), which interpreted a Mississippi statute of repose. See *Trust Co. Bank,* 950 F.2d at 1152. Under Mississippi jurisprudence the phrase " "improvement to real property' covers a wide range of structures *and/or components.*" *Smith v. Fluor Corp.,* 514 So.2d 1227, 1230 (Miss.1987) (emphasis added). We are *Erie* bound by Texas jurisprudence, which excepts from the protection of the statutes of repose component parts of improvements to real property.

Our disagreement with the district court on this fundamental question whether Defendant "constructed an improvement" makes consideration of many other questions moot. We do not reach Plaintiffs' alternative argument that they at least raised a fact issue regarding the component nature of the product. In this instance there has been no evidence from which a reasonable jury could find that ZAP was an improvement to real property rather than a component part or building material.

We need not reexamine the troubling question whether the statutes would apply to a materialmen if he could "construct an improvement," because in this case the manufacturer did not.

Nor need we reach the question whether § 16.008 applies to a company that merely employs an engineer to design a product, if the company is not in the business of providing engineering services. Zonolite's employment of engineers to design the ACM could not bring § 16.008 into play because the statute requires more than the design of a product to be used as building material or a component part of an improvement. Section 16.008 grants repose to the engineer who "design *the construction of the improvement.*" As noted above, Zonolite did not design the construction of "an improvement."

Because § 16.009 does not apply, we do not examine the question whether the statute is further inapplicable because of one or more exceptions in § 16.009(e)(3). Because neither statute applies, we do not address Plaintiffs' concern that the statutes are unconstitutional as applied. Finally, the question whether the assessment of costs of depositions against Plaintiffs was error is also moot. Costs will be reassessed at the conclusion of this litigation.

### III.

Zonolite did not "construct" or "design[ ] the construction of" "an improvement." Rather, it manufactured an unstructured product that can be classified only as a component part, which is not within the protection of the Texas statutes of repose. Summary judgment in favor of the manufacturer's successor is therefore reversed and the matter is remanded.

REVERSED and REMANDED.