Williams v. U.S Nat Resources 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-250-CV

     CATHY WILLIAMS, ET AL.,
                                                                                              Appellants
     v.

     U.S. NATURAL RESOURCES, INC.
     D/B/A FRIEDRICH AIR CONDITIONING
     AND REFRIGERATION COMPANY,
                                                                                              Appellee
 

From the 170th District Court
McLennan County, Texas
Trial Court # 92-2749-4
                                                                                                    

CONCURRING OPINION
                                                                                                    

      I write separately because, guided by the Code Construction Act (the Act), Chapter 311 of
the Government Code, I believe that the benefits of the statute of repose in question should be
available only to contractors, their subcontractors, and the agents, servants and employees of each. 
See Tex. Govt. Code Ann. § 311.001-311.032 (Vernon 1988 & Supp. 1993); Tex. Civ. Prac.
& Rem. Code Ann. § 16.009 (Vernon 1986). Thus, I concur in the holding that the statute is
inapplicable to the manufacturer of a heating unit installed by others on real property.
      Chapter 312 of the Government Code ("Construction of Laws") provides that, in interpreting
a civil statute, a court shall attempt to ascertain legislative intent, considering the old law, the evil,
and the remedy. Tex. Govt. Code Ann. §§ 312.001, 312.005 (Vernon 1988). On the other
hand, the Code Construction Act, initially adopted by the 60th Legislature, applies to "each code
enacted by the 60th or a subsequent legislature as part of the state's continuing statutory revision
program" and "each amendment, repeal, revision, and reenactment of a code or code provision"
by the 60th or a later legislature. Id. § 311.002. In construing a code, whether or not ambiguous
on its face, a court may consider, among other considerations, the object sought to be attained by
the statute. Id. §§ 311.002, 311.023. I take this to mean the "purpose of the statute." 
      Section 16.009 is such a provision, having been adopted as part of the Civil Practice and
Remedies Code (the Code) by the 61st Legislature. Tex. Civ. Prac. & Rem. Code Ann. §
16.009. Section 16.009—formerly Article 5536a(2) of the Civil Statutes—was added to an original
statute that protected only architects and engineers and provides in part:
(a) A claimant must bring suit for damages for a claim listed in Subsection (b) against a
person who constructs or repairs an improvement to real property not later than 10 years after
the substantial completion of the improvement in an action arising out of a defective or unsafe
condition of the real property or a deficiency in the construction or repair of the improvement.

Id. § 16.009(a) (emphasis added). Subsection (b) lists injury, damage, or loss to real or personal
property; personal injury; wrongful death; contribution; and indemnity as the types of claims
covered by subsection (a). Id. § 16.009(b). Subsection (c) extends the period for two years from
the date a notice of claim is given during the ten-year period, and subsection (d) extends the period
for two years when the damage, injury, or death occurs during the tenth year. Id. § 16.009(c),
(d). Subsections (e) and (f) provide for exceptions not at issue here. Id. § 16.009(e), (f).
      The Code Construction Act directs that words and phrases be read "in context and construed
according to the rules of grammar and common usage." Tex. Govt. Code Ann. § 311.011(a). 
Words that have a particular meaning by legislative definition shall be construed accordingly. Id.
311.011(b). Under the Act, the term "person" used in section 16.009 of the Code includes a
"corporation, organization, government or governmental subdivision or agency, business trust,
estate, trust, partnership, association, and any other legal entity." Tex. Govt. Code Ann. §
311.005(2); Tex. Civ. Prac. & Rem. Code Ann. § 16.009(a). The breadth of the term "person"
eliminates it as a focus of the extent to which section 16.009 protects defendants—all defendants
are potentially protected.
      Cases that have analyzed the section have discussed "actors," "products," "component parts,"
"entire units," "manufacturers," "materialmen," "installers," and "suppliers." See e.g., Conkle
v. Builders Concrete Prod. Mfg., 749 S.W.2d 489, 491 (Tex. 1988); Dedmon v. Stewart-Warner
Corp., 950 F.2d 244, 247 (5th Cir. 1992); Dubin v. Carrier Corp., 798 S.W.2d 1, 2 (Tex.
App.—Houston [14th Dist.] 1989, writ dism'd by agr.); Rodarte v. Carrier Corp., 786 S.W.2d
94, 96 (Tex. App.—El Paso 1990, writ dism'd by agr.); Dubin v. Carrier Corp., 731 S.W.2d 651,
654-55 (Tex. App.—Houston [1st Dist.] 1987, no writ); Sowders v. M.W. Kellogg Co., 663
S.W.2d 644, 649 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); Reddix v. Eaton
Corporation, 662 S.W.2d 720, 724 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.); Ellerbe v.
Otis Elevator Co., 618 S.W.2d 870, 873 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ ref'd
n.r.e.), appeal dism'd for want of substantial federal question, 459 U.S. 802, 103 S.Ct. 24, 74
L.Ed.2d 39 (1982).  
      The distinctions discussed in these cases can be avoided by either of two interpretations. The
first focuses on the meaning of the phrase "person who constructs . . . an improvement to real
property . . . ." So considered, section 16.009 could be interpreted to bar all claims arising out
of the construction of improvements to real property, with the exceptions noted, at the expiration
of ten years after completion of the improvements or repairs. Indeed, that construction is
consistent with the result that has been reached in many of the cases decided under section 16.009. 
Dedmon, 950 F.2d at 247; Dubin, 798 S.W.2d at 2; Rodarte, 786 S.W.2d at 96; Dubin, 731
S.W.2d at 654-55; Sowders, 663 S.W.2d at 649; Ellerbe, 618 S.W.2d at 873.
      The second interpretation would focus on the term "constructs," a proper focus under that part
of the Act directing that words and phrases be read "in context and construed according to the
rules of grammar and common usage." Tex. Govt. Code Ann. § 311.011(a); Tex. Civ. Prac.
& Rem. Code Ann. § 16.009(a). This interpretation would limit the applicability of section
16.009 to contractors, their subcontractors, and the agents, servants, and employees of each and
would be consistent with the purpose of the section as expressed by the author of the bill. He
stated, "you are only killing [causes of action in favor of those injured in a building after ten
years] as to the contractor who built the building . . . ." Dayton Indep. School Dist. v. U.S.
Mineral Prod., 800 F.Supp. 1430, 1433 (E.D. Tex. 1992). This interpretation is also consistent
with the fact that the amendment was sought and supported by the Associated General Contractors
of Texas, Building Branch. Id. at 1433-34. It has the advantage of eliminating the distinctions
discussed in the cases, because all manufacturers of units, manufacturers of components and
materials, materialmen, suppliers, and others not acting as contractors or subcontractors would
be excluded from the protection that the section provides.
      The Code Construction Act also allows us to presume that a "just and reasonable result is
intended." Tex. Govt. Code Ann. § 311.021(3). For me, an interpretation that restricts
coverage of section 16.009 to contractors and their subcontractors is more just and reasonable than
one that precludes all causes of action against all entities after the prescribed period. Limiting the
protection of section 16.009 to contractors, their subcontractors, and the agents, servants, and
employees of each is in keeping with a determination that the purpose of the section is to "relieve
. . . contractors from the burden of indefinite potential liability for past construction projects over
which they no longer have control." See Sowders, 663 S.W.2d at 648. It does not seem just or
reasonable, for example, to extinguish claims arising from defective products (including claims
that the product was defective when manufactured, that it was poorly designed, or that the
manufacturer failed to warn against a known risk) just because those products were installed in a
construction project. Manufacturers of products intended for construction projects have no more
or less control over products that leave their possession than do manufacturers of other products
who must answer product-liability claims during their products' effective lives.
      Because I would limit section 16.009 to contractors, their subcontractors, and the agents,
servants, and employees of each, I concur in the judgment reversing the summary judgment and
remanding the cause for trial.


                                                                                 BILL VANCE
                                                                                 Justice

Opinion delivered and filed September 15, 1993
Publish