11th Court of Appeals

 Eastland, Texas

   Memorandum Opinion

Marcus Padron

Appellant 

Vs.       No. 11-02-00151-CV B 
Appeal from Howard County

L&M Properties and L&M Properties,
Inc., 

Individually and d/b/a L&M Properties

 

Appellees

 

This is a
suit involving personal injuries received as a result of an electrical
shock.  The trial court entered a
summary judgment in favor of L&M Properties and L&M Properties, Inc.,
individually and d/b/a L&M Properties (collectively referred to as L&M).  Because we find that summary judgment was
proper, we affirm. 

Appellant
presents two points of error.  He
asserts that the trial court erred in granting L&M=s motion for summary judgment on (1)
traditional grounds and (2) no-evidence grounds.  Appellant then presents seven subparts of his two main
points.  Our holding regarding the
applicability of TEX. CIV. PRAC. & REM. CODE ANN. ch. 95 (Vernon 1997) is
dispositive of all issues.  








L&M is
a property management company.  L&M
manages many single family residential 
structures.  L&M Properties
managed the property where appellant was injured.  The owner of the property was Leslie Taylor.  The tenant at the time appellant was injured
was Christopher Lee Hogg.  Hogg
purchased a satellite dish from Hughes, Golden Sky Systems.  Hogg installed the satellite himself.  Included in the package was a monthly
maintenance agreement that would ensure that Golden Sky would repair any
problem with the satellite system. 
Appellant was employed by Golden Sky. 
In early August 1999, Golden Sky sent appellant to repair the
system.  The receiver on the system had
already been replaced four times. 
Appellant discovered that the receiver on the satellite had burned out a
fifth time.  Once appellant replaced it,
the receiver immediately Ashorted out.@  He went outside to check the cable and found
that part of the cable was burned.  He
replaced the portion of cable that was burned and was able to receive a signal.  Appellant again replaced the receiver inside,
but it was not receiving a signal. 
Appellant found another portion of the cable which was burned.  While attempting to repair the cable,
appellant was shocked.  Appellant
attempted to solve the problem by driving a grounding rod into the ground, but
he was shocked again. 

After
appellant was injured, Hogg notified L&M. 
L&M sent Alex Valencia to the property to determine the cause of the
electrical problem.  Valencia had
previously worked on the electricity at the property.  Valencia testified as follows:

A: The
insulation was off the wire, and it was touching the box.

 

Q:
Okay.  So the insulation was off?

 

A: The hot
wire and the neutral.

 

Q: The hot
wire plus neutral?

 

A:  That=s what created that hot wire, to go back through the neutral to make
the panel hot.

 

 *  
*   *

 

A: And
somebody had pulled [the wires] out and put the new receptacle in.  But at the same time, since the wire was B I guess squeezed or touched or something B I don=t know what happened.  The
insulation fell off both sides.

 

Q: Okay.

 

A:  So they pushed it back down in there and B

 

Q: Well,
let me just ask you B 

 

A: That
gave the contact right there with the box.

 

 * 
*  *

 

A:  I know an electrician didn=t do that.

 

Q: And why
is that?

 

A:  Because the way they did it is they changed
out the wires, and the wires are exposed. 
They=re just bare wires, and pushing them back in
a metal box B 








Q: Okay.

 

A:  B you can tell right away something is going to go wrong.

 

 L&M filed a traditional
summary judgment motion as well as a no-evidence motion for summary
judgment.   The trial court granted
L&M=s motion for summary judgment but did not
state the grounds upon which it granted the summary judgment.  Summary judgment will be affirmed on any
meritorious claims alleged when the trial court=s order granting summary judgment does not specify the ground or
grounds relied upon for its ruling. 
Carr v. Brasher, 776 S.W.2d 567 (Tex.1989).

A trial court must grant a traditional
motion for summary judgment if the moving party establishes that no genuine
issue of material fact exists and that the movant is entitled to judgment as a
matter of law.  TEX.R.CIV.P. 166a(c);
Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.1991).  Once the movant establishes a right to a
summary judgment, the non-movant must come forward with evidence or law that
precludes summary judgment.  City of
Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678-79 (Tex.1979).  When reviewing a summary judgment, the
appellate court takes as true evidence favorable to the non-movant.  American Tobacco Company, Inc. v. Grinnell,
951 S.W.2d 420, 425 (Tex.1997); Nixon v. Mr. Property Management Company, Inc.,
690 S.W.2d 546, 548-49 (Tex.1985).








The trial court must grant a no-evidence motion for summary
judgment unless the non-movant produces evidence that raises a genuine issue of
material fact on the challenged element of his claim or defense.  TEX.R.CIV.P. 166a(i).  The appellate court reviews evidence
presented in response to a motion for a no-evidence summary judgment in the
same way it reviews evidence presented in support of, or in response to, a
motion for traditional summary judgment: 
it accepts as true evidence favorable to the non-movant and indulges
every reasonable inference and resolves all doubts in favor of the non-movant.
Hight v. Dublin Veterinary Clinic, 22 S.W.3d 614, 619 (Tex.App. - Eastland
2000, pet=n den'd); see
American Tobacco Company, Inc. v. Grinnell, supra at 425; Nixon v. Mr. Property
Management Company, Inc., supra at 548-49. 
The appellate court reviews, however, only evidence presented by the non-movant.  Rule 166a(i);  Hight v. Dublin Veterinary Clinic, supra at 618-19.  If the non-movant presents more than a
scintilla of evidence on the disputed element, a no-evidence summary judgment
is improper.  Hight v. Dublin Veterinary
Clinic, supra;  Denton v. Big Spring Hospital
Corporation, 998 S.W.2d 294, 298 (Tex.App. - 
Eastland 1999, no pet=n); cf. Merrell Dow Pharmaceuticals, Inc.
v. Havner, 953 S.W.2d 706 (Tex.1997), cert. den=d, 523 U.S. 1119
(1998).

Chapter 95
applies to negligence claims against property owners for injury to independent
contractors that arise Afrom the condition or use of an improvement to real property where the
contractor or subcontractor constructs, repairs, renovates, or modifies the
improvement.@ Section 95.002(2).  A property management company acts as an agent of the property
owner and is entitled to the protection from liability provided for in Chapter
95.  Fisher v. Lee and Chang
Partnership, 16 S.W.3d 198 (Tex.App. B Houston [1st Dist.] 2000, pet=n den=d). 
Whether any item is an improvement is broadly construed, and it includes
any addition or betterment to the property. 
Reames v. Hawthorne-Seving, Inc., 949 S.W.2d 758 (Tex.App. B Dallas 1997, writ den=d). 
An improvement must be attached to the property.  There are three factors to consider in
determining whether an item is an attachment: 
(1) the mode and sufficiency of annexation; (2) the adaptation of the
item to the use or purpose of the property; and (3) the intention of the party
who annexed the item.  Karisch v.
Allied-Signal, Inc., 837 S.W.2d 679 (Tex.App. B Corpus Christi 1992, no writ).

In his
complaint, appellant alleged negligence in failing to inspect the premises for
dangerous conditions, in failing to correct a dangerous condition, in failing
to warn invitees of a dangerous condition, in crossing the outlet wires
creating the dangerous condition, all of which appellant alleges was the
proximate cause of his injuries. 
Appellant=s claims are covered under Chapter 95.  L&M had a real estate management
agreement with the owners of the property which gave them the right to
institute repairs; to purchase materials; to engage, supervise, and discharge
independent contractors; and to maintain, repair, and Aredecorate@ the property.  L&M also had
the exclusive right to execute lease renewals, to screen residents, and to
terminate tenancies.  L&M was
compensated for managing the property with a percentage of the rentals.  In all respects, L&M was the agent of
the owner and is entitled to the protection of Chapter 95.  The satellite system was an improvement to
the property.  Appellant was repairing
the improvement when he was shocked. 
Chapter 95 controls in this case. 








Having
determined that Chapter 95 controls in this case, we must now consider whether
L&M asserted control over appellant and whether L&M had knowledge of
the dangerous condition. Section 95.003 provides:

A property
owner is not liable for personal injury, death, or property damage to a
contractor, subcontractor, or an employee of a contractor or subcontractor who
constructs, repairs, renovates, or modifies an improvement to real property,
including personal injury, death, or property damage arising from the failure
to provide a safe workplace unless:

 

(1) the
property owner exercises or retains some control over the manner in which the
work is performed, other than the right to order the work to start or stop or
to inspect progress or receive reports; and 

 

(2) the
property owner had actual knowledge of the danger or condition resulting in the
personal injury, death, or property damage and failed to adequately warn.

 

Here, the
summary judgment evidence conclusively established that L&M did not
exercise control over appellant. 
Appellant was an employee of a contractor hired by the tenant, Hogg, to
repair the satellite system.  L&M
did not have any knowledge that Hogg had hired a contractor to repair the
satellite.  Neither Hogg nor L&M
provided the tools for appellant. 
Appellant did not receive payment from Hogg or from L&M.  L&M did not order the work to start;
Hogg was the person who contacted Golden Sky. 
L&M did not inspect progress of the work.  We find that this evidence supports the traditional summary
judgment that L&M exercised no control over appellant sufficient to avoid
the protection afforded under Chapter 95. 
Further, appellant offered no evidence to show that L&M had control
over appellant=s work. 
Therefore, the trial court did not err in entering a Ano-evidence@ summary judgment.

Because we
hold that Chapter 95 is dispositive of this appeal, appellant=s points of error are overruled.

We affirm
the judgment of the trial court.         

 

February 6, 2003                                                                JIM
R. WRIGHT

Panel consists of:  Arnot, C.J.,
and JUSTICE

Wright, J., and McCall, J.