

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

February 16, 2016

The Honorable G. A. Maffett III
Wharton County Attorney
100 South Fulton Street, Suite 105
Wharton, Texas 77488

Opinion No. KP-0065

Re: Definition of the term "site improvements" for purposes of section 501.103 of the Local Government Code, relating to an economic development corporation's funding of the same (RQ-0048-KP)

Dear Mr. Maffett:

You ask for an opinion on the meaning of the term "site improvements" under section 501.103 of the Local Government Code.[1] Specifically, you inquire whether a program of the El Campo Economic Development Corporation ("Corporation") falls within the scope of the term. *See* Request Letter at 2. You explain that the Corporation has created a "Revitalization and Site Improvement Campaign" ("campaign") to promote certain businesses located in the City of El Campo. *Id.* You tell us the campaign uses Corporation funds to "provide matching grants to qualified El Campo businesses (both retail and industrial) to enhance their property and provide visual improvements to their facilities." *Id.* Under the campaign, eligible improvements include "exterior painting, glass replacement, general property clean-up or removal of debris, architectural or accent lighting, new landscaping, and signage." *Id.* You inform us that the Corporation bases its authority to use its economic development funds for this campaign on the term "site improvements" contained in subsection 501.103(1) of the Local Government Code. *Id.* You ask whether the Corporation's expenditures for these improvements qualify as site improvements under section 501.103. *Id.* As this office has previously observed, the question whether a particular expenditure of an economic development corporation is authorized is one that involves fact issues and cannot be resolved in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-1066 (2014) at 1 (relating to the propriety of expenditures of a Type B economic development corporation under chapters 501 and 505, Local Government Code). The question "is a matter in the first instance for the corporation's board of directors." *Id.* at 2. Thus, we can advise you only generally about the meaning of the term "site improvements." *See id.*

---

[1]*See* Letter from Honorable G. A. Maffett III, Wharton Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Aug. 17, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

A Type A economic development corporation is governed primarily by chapters 504 and 501 of the Local Government Code.[2] *See* TEX. LOC. GOV'T CODE §§ 504.001–.353 (governing Type A corporations); *id.* § 501.002(15) (defining a Type A corporation as one governed by chapter 504). Under chapter 501 of the Local Government Code, a Type A "corporation is a constituted authority for the purpose of financing one or more projects." *Id.* § 501.151; *see also id.* § 501.002(5) (defining corporation as a corporation organized under subtitle C1, title 12, Local Government Code). A "project" is a "project specified as such under subchapter C." *See id.* § 501.002(13); *see also id.* §§ 501.101–.108 (subchapter C). Subsection 501.103(1), about which you ask, includes as a "project" those "expenditures that are found by the board of directors to be required or suitable for infrastructure necessary to promote or develop new or expanded business enterprises, limited to: (1) streets and roads, rail spurs, water and sewer utilities, electric utilities, or gas utilities, drainage, site improvements, and related improvements." *Id.* § 501.103(1). This office has previously determined that section 501.103 is an exclusive, or limited, list such that "an expenditure . . . that does not fall precisely within [its] contours . . . is not an authorized project." Tex. Att'y Gen. Op. No. GA-1066 (2014) at 3.

The term "site improvements" is undefined by chapters 501 and 504. And we find no judicial opinion defining the term. Thus, we look to its ordinary meaning. *See William Marsh Rice Univ. v. Refaey*, 459 S.W.3d 590, 593 (Tex. 2015) (stating that courts "give undefined words 'their common, ordinary meaning unless the statute clearly indicates a different result'"). "Site" is commonly defined as "an area of ground on which a town, building, or monument is constructed." NEW OXFORD AMERICAN DICTIONARY 1634 (3d ed. 2010). "Improvement" means "an example or instance of improving or being improved" or a permanent enhancement. *Id.* at 875; *Karisch v. Allied-Signal, Inc.*, 837 S.W.2d 679, 680 (Tex. App.—Corpus Christi 1992, no writ) (defining "improvement" to "include everything that permanently enhances the value"). Together, the two words may be generally construed to mean the improvement or permanent enhancement of an area of ground on which a town, building, or monument is constructed.

Subsection 501.103(1) provides additional, relevant context. Along with "site improvements," subsection 501.103(1) lists other items for which an expenditure constitutes a project. *See* TEX. LOC. GOV'T CODE § 501.103(1). These terms—"streets and roads, rail spurs, water and sewer utilities, electric utilities, or gas utilities, [and] drainage"—all relate to preparing an area for development. *Id.* *Noscitur a sociis* is a canon of statutory construction providing "that the meaning of a word or phrase, especially one in a list, should be known by the words immediately surrounding it." *Greater Houston P'ship v. Paxton*, 468 S.W.3d 51, 61 (Tex. 2015) (citing *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 441 (Tex. 2011)). Given the limited nature of the other items in subsection 501.103(1), the term "site improvement" should be construed similarly to mean an improvement or permanent enhancement that relates to the development of an area of ground on which a town, building, or monument is constructed. But, as noted previously, it is for the Corporation's board of directors to determine, in the first instance

---

[2]You tell us the Corporation was created as a Section 4A Economic Development Corporation. *See* Request Letter at 1.

and subject to judicial review, whether the expenditures qualify as an improvement or permanent enhancement that relates to the development of an area of ground on which a town, building, or monument is constructed.[3] *See* Tex. Att'y Gen. Op. No. GA-1066 (2014) at 2–3 (citing *Pearce v. City of Round Rock*, 78 S.W.3d 642–47 (Tex. App.—Austin 2002, pet. denied) (utilizing abuse of discretion standard to review decision of city's development review board)).

---

[3]We address only the definition of the term "site improvements." *See* Request Letter at 1–2. We cannot opine about the ultimate determination of whether the Corporation's expenditures in furtherance of the campaign properly constitute a project under subsection 501.103(1). *See* TEX. LOC. GOV'T CODE § 501.103(1) (requiring an expenditure to be "required or suitable for infrastructure necessary to promote or develop new or expanded business enterprises"). This determination is also one for the Corporation's board of directors. *See* Tex. Att'y Gen. Op. No. GA-1066 (2014) at 2.

## S U M M A R Y

Under subsection 501.103(1) of the Local Government Code, the term "site improvement" should be construed to mean an improvement or permanent enhancement that relates to the development of an area of ground on which a town, building, or monument is constructed. The question whether any particular expenditure constitutes a project under section 501.103 is a question in the first instance for the board of the economic development corporation to determine.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee